## WAYLAND B. AUGIR, Assignee, v. JOHN RYAN.[1]

January 8, 1896.

Nos. 9621—(179).

|     |     |
| --- | --- |
| 63  | 373 |
| 78  | 117 |
| 63b | 373 |
| 82  | 151 |

**Insolvent Corporation—Unpaid Subscription—Illegal Contract.**

In an action by an assignee for the benefit of creditors—under the in-
solvency laws of this state—of a corporation duly organized under the laws
of the state, to recover from a stockholder and former director of the cor-
poration, the amount of his unpaid stock subscription, it is not a defense that
the real purpose of the organization of the corporation was to foster gambling
and the selling of pools on horse racing, and that the stock subscription was
secured to further such purpose.

**Former Judgment—Estoppel by Verdict.**

In order that a former judgment should bind parties in a subsequent action,
by way of estoppel as to any question of fact, it must appear from the judg-

[1] Reported in 65 N. W. 640.

ment, or by extrinsic evidence, that such question was within the issues of the former action and actually litigated and determined therein. If such judgment and extrinsic evidence leave it a matter of conjecture as to what questions of fact were litigated and determined in the former action, the judgment is not an estoppel.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis, in favor of defendant, entered in pursuance of the findings and order of Elliott, J.   Reversed.

*John F. Byers*, for appellant.

*Little & Nunn*, for respondent.

START, C. J.   This is an appeal from a judgment of the municipal court of the city of Minneapolis in favor of the defendant. There is no bill of exceptions or case.   Therefore the only question for the decision of this court is whether or not the conclusion of law of the trial court, to the effect that the defendant was entitled to judgment, is sustained by its findings of fact.

The material facts found by the court, as we construe its findings, are as follows:   The Minnehaha Driving Park Association was on April 1, 1888, duly organized as a corporation under and by virtue of the laws of this state, with an authorized capital of $50,000, divided into shares of the par value of $50 each.   On April 20, 1888, the defendant subscribed for 10 shares of the stock of the corporation, to be paid for on the call of the directors, provided that no call should be made before $40,000 of the stock had been subscribed, and, further, that no more than 25 per cent. should be called for during the year 1888, a like sum during the year 1889, and no more than 10 per cent. in any one year thereafter.   Before any calls were made on such subscriptions to the stock, over $40,000 of the stock had been subscribed.   The defendant was elected one of the first board of directors, and attended two meetings thereof at which calls upon the stock subscriptions were made.   A call of 25 per cent. on the defendant's subscription was duly made during the year 1888, amounting to $125, which he paid, and another January 2, 1889, for a like sum, and on January 2, 1890, for 10 per cent., or $50, and another January 2, 1891, for a like sum.   None of these calls, amounting to $225, were paid, and on October 10, 1891, the corporation sued the defendant to recover the amount thereof, in

the municipal court of the city of Minneapolis. The defendant answered, and such proceedings were had in that action that he recovered a judgment on the merits against the corporation.

The corporation, October 19, 1891, duly made an assignment for the benefit of its creditors, under the insolvency laws of this state, to the plaintiff, who duly accépted the trust and qualified; and many creditors of the corporation have filed with him, as such assignee, their verified claims, which remain unpaid. Thereafter, and before the commencement of this action, the plaintiff, as such assignee, was, by the order of the district court of the proper county, duly authorized to make a call for all unpaid subscriptions to the stock of the corporation. The plaintiff, pursuant to such order of the court, duly made a call on the defendant for payment of the amount unpaid on his subscription, and, payment being refused, he brought this action to recover the same, including the $225 for which the former action by the corporation was brought, amounting in all to the sum of $375. The defendant answered this action, and set up, with other defenses, the judgment in the former action as a bar to the entire claim. The trial court further found that the defendant answered in the former action, and alleged in his answer, among other things, that the whole of the capital stock of the corporation was never subscribed, and that not to exceed $25,000 thereof was ever subscribed, and that the subscription was void for the reason that the corporation was organized for the sole purpose of fostering gambling and betting on horse races, and secured the subscription to its capital stock in furtherance thereof.

The remaining findings of fact necessary to be referred to are as follows: "That thereafter such proceedings were had in said cause that on April 14, 1892, the judgment of said court was duly given and made in favor of defendant and against plaintiff,—that plaintiff take nothing by said action; and a true copy of said judgment roll, and all files and proceedings in said action, are hereto attached, and marked 'Exhibit A,' which was all the evidence offered by the defendant. (9) That said corporation was organized and created for the purpose of fostering, carrying on, and conducting gambling, and betting and selling of pools on horse races, and maintaining and carrying on said unlawful purposes, and did carry on the same after its said attempted organization, and secured subscriptions to its

capital stock to further said unlawful purposes, as appears solely from said judgment roll in said action."

Do the foregoing facts justify the legal conclusion that the defendant is entitled to a judgment in his favor in this action on the merits? We answer the question in the negative. The former judgment is a bar to any recovery for the $225 which was the subject-matter of the former action, but, as to the $150 claimed for calls on the defendant's subscription for instalments which were not due when the former action was commenced, it is not a bar, unless it operates as an estoppel by verdict.

In order that a judgment in a former action should bind parties and privies by way of estoppel in a subsequent action, as to a question of fact, it must appear from the judgment, or be shown by extrinsic evidence, that such question was directly involved within the issues made in such former action, and actually litigated and determined therein. Dixon v. Merritt, 21 Minn. 196; McClung v. Condit, 27 Minn. 45, 6 N. W. 399. In the case at bar it is not shown, and the court has not found, that all of the questions of fact involved within the issues of the former action were actually litigated and determined therein. The defendant, in his answer in the former action, alleged, among other matters, two defenses: (1) That not over $25,000 of the capital stock had been subscribed; (2) that the subscription was secured for an illegal purpose. Now, the defendant may have succeeded in the former action solely on an issue involved in the other matters, or on one of the two defenses specially stated in the findings. What particular issue of fact was litigated and determined in the former action is left in doubt by the findings, and for this reason the former judgment is not an estoppel as to any fact in the case at bar. Russell v. Place, 94 U. S. 606. The trial court, then, could not properly base its ninth finding of fact solely upon the judgment roll in the former action without the aid of extrinsic evidence showing that the same question of fact was actually litigated and determined in the former action.

But it is claimed by the defendant that all of the findings must be presumed to have been based upon competent and sufficient evidence, there being no bill of exceptions or case; and this, too, notwithstanding the statement of the court in its findings as to the evidence upon which he bases them, and, further, that the judgment

roll in the former action is no part of the findings. This may be conceded for the purposes of this case. If the ninth finding of fact is eliminated, the conclusion of law to be drawn from the remaining facts is that the plaintiff, as assignee, is entitled to recover from the defendant the sum of $150.

Whatever might have been the case if an action had been brought on this stock subscription by the corporation, still the facts stated in the ninth finding do not constitute a defense to this action by the assignee of the corporation for the benefit of its creditors. It may be, and probably is, true that, in an action by the corporation against the defendant on his stock subscription, the court would refuse to enforce the subscription; not, however, on account of any regard for the defendant, but upon grounds of sound public policy. Courts refuse to enforce immoral contracts, or those founded upon an illegal consideration, as between the original parties, but such contracts are enforced in favor of innocent third parties. For example, a promissory note may be founded upon an immoral consideration, but it will be enforced in favor of a bona fide purchaser for value. The corporation here in question, whatever may have been the secret purpose of its promoters and stockholders, was organized ostensibly for an honest purpose, for the court has found that it was duly organized under the laws of this state. It was, then, as to the public and persons dealing with it without notice of its real purpose, a corporation engaged in a legitimate business. Its honest creditors have the equitable right to compel its stockholders to pay their stock subscriptions for the purpose of paying the claims of creditors. This right is not impaired by the fact that the court would not enforce the stock subscriptions, as between the corporation and its stockholders, because the contract of subscription is tainted with immorality, for the reason which would induce the court to refuse its aid in the latter case does not exist in the former. The defendant was one of the directors of this corporation, fostering and promoting the alleged unlawful business, and it would be a travesty on justice to permit him to plead the immorality of his conduct and contract of subscription to the stock of the corporation as against its honest creditors. The plaintiff, as assignee in this case, represents those creditors, and is authorized to collect all funds to which the creditors were equitably entitled, even though the corporation would be una-

ble to claim them. 2 Morawetz, Priv. Corp. §§ 813, 867. The facts stated in the ninth finding of the trial court do not constitute a defense as against the plaintiff, as assignee, in this case.

Judgment must be reversed and cause remanded, with directions to the municipal court to amend its conclusions of law so as to direct judgment for the plaintiff in the sum of $150, with interest and costs. So ordered.