PETER S. NEILSON v. PENNSYLVANIA COAL & OIL COMPANY and Others.

November 17, 1899.

Nos. 11,842—(54).

### Estoppel by Verdict—Promise to Pay Debt of Third Person.

A former judgment does not operate as an estoppel by verdict, except as to facts shown to have been directly put in issue, and the finding of which was necessary to uphold the judgment. Rule applied, and *held*, that the judgments referred to in the opinion herein do not estop the respondent from showing that the defendant corporation assumed and agreed to pay the indebtedness of a third party, which has been assigned to him.

### Finding Sustained by Evidence.

Evidence *held* sufficient to sustain the finding of the trial court to the effect that such defendant did assume and promise to pay such indebtedness.

Action in the district court for Hennepin county by plaintiff as receiver of the Pennsylvania Coal & Oil Company, an insolvent corporation, to enforce the liability of its stockholders. W. S. Dwinnell and other creditors intervened, and the matter of their claims was tried before Elliott, J., who found in favor of Dwinnell in the sum of $5,355. From an order denying a motion for a new trial, Frank Heywood and others, intervenors and also defendants, appealed. Affirmed.

*Jones & Babcock*, for appellants.

*Daniel Fish* and *W. S. Dwinnell*, for respondent.

START, C. J.

Action against the Pennsylvania Coal & Oil Company, hereinafter referred to as the "Coal Company," an insolvent corporation, and its stockholders, to enforce their liability for its debts. The claim of the respondent herein, W. S. Dwinnell, against the coal company, based upon its alleged promise to pay the indebtedness hereinafter stated, was allowed in the sum of $5,355. Certain other creditors and stockholders appealed from an order denying their motion for a new trial of the issues as to such claim.

The facts, as to this particular claim, found by the trial court, briefly stated, are these: William H. Barber, on May 31, 1893, sold to the coal company his assets and coal business, and as a part of the consideration therefor it assumed and promised to pay certain of his indebtedness to the Bank of New England. Such indebtedness was then represented in part by his three promissory notes to the bank for $3,500, $900, and $500, respectively. Afterwards Barber, who became president of the coal company, assumed to indorse its name on the $3,500 note, and for the other two notes he substituted, with the consent of the bank, new notes for the same amounts, respectively, signed by the coal company, by him as its president. Thereafter, on June 30, 1893, the bank became insolvent, and a receiver was appointed for it. The receiver brought suit on the two substituted notes against the coal company, and such proceedings were had in the action, and such findings and conclusions made by the court, as to constitute an adjudication of the rights of the respondent herein upon the two substituted notes. No action was ever brought by the receiver against the coal company on its supposed indorsement of the $3,500 note, or upon its promise to pay the debt represented by it. The receiver, after bringing the action on the substituted notes, duly sold to the respondent for a valuable consideration certain of the assets of the bank, including the notes and indebtedness hereinbefore referred to, who took them with notice of the suit. The trial court sustained the claim to the extent of the $3,500 note and interest, but disallowed it as to the other two notes.

The assignments of error present for our consideration the general question: Is the finding of the trial court to the effect that

the coal company, for a valuable consideration, assumed and agreed to pay the indebtedness of Barber to the Bank of New England, sustained by the evidence?

It is claimed on behalf of the appellants that the evidence, exclusive of the judgments hereinafter referred to, is not sufficient to support the finding. The evidence is undisputed that William H. Barber, prior to May 31, 1893, was engaged in the fuel business in the city of Minneapolis, under the name of the People's Fuel Company, and that he then owed the bank $4,900, at least, which was represented by the three notes mentioned in the court's findings; that on that day he sold his business, and all the assets thereof, including book accounts of the face value of $12,000, to the coal company, for which he received a stipulated amount of its capital stock; and that, as a further consideration for the sale, the coal company made some agreement with him as to the payment of his indebtedness to the bank, but the parties differ as to the terms of this agreement. The appellants claim that the coal company did not assume any part of Barber's indebtedness, but that it was to pay to him, or upon his indebtedness, a sum not exceeding $5,500, as it was collected from the book accounts transferred to it by him, and not otherwise. On the other hand, the respondent claims that the coal company agreed absolutely to assume, and promised to pay, Barber's indebtedness to the bank, not exceeding the amount named. The evidence in support of the respective claims of the parties was radically conflicting, and it will serve no useful purpose here to discuss it. It is sufficient to say that we have attentively considered the evidence, and the suggestions of counsel as to its weight and credibility, and have reached the conclusion that, the judgments aside, it is sufficient to support the finding.

How far the finding is affected by the judgments, if at all, is a more serious question. Appellants, on the trial, offered in evidence the judgment roll in the action of the receiver of the bank against the coal company on the two substituted notes for $900 and $500, respectively, which shows that the coal company, by its answer, denied that it ever made the notes, and alleged that Barber had no authority whatever to execute them on its behalf, and that it received no consideration whatever for the same; and further, that

the findings of the court were to the effect that Barber made and signed the notes, as president of the coal company, for his own accommodation, and delivered them to the bank in renewal of his private debt to it, and that the coal company never executed the notes, and never received any consideration for them, and that judgment was accordingly entered for the defendant. They also offered in evidence the judgment roll in another action by the receiver against the coal company upon two notes of $150 each, purporting to have been made by the coal company, by its president, Barber, and its secretary, to the bank, from which it appears that a similar answer was interposed in that action, and that the findings and judgment therein were substantially the same as in the action upon the $900 and $500 notes. It is claimed by the appellants that the two $150 notes were renewals of notes for a like amount, made by Barber to the bank, which represented in part his indebtedness to the bank, which respondent claims the coal company assumed. It is not entirely clear from the record that such was the case, but it may be conceded for the purposes of this appeal.

The contention of the appellants is that these prior judgments in favor of the coal company on four of the five notes representing the indebtedness of Barber to the bank, which it is claimed that the coal company assumed, conclusively adjudicated that there was no contract of assumption of any part of such indebtedness.

The claim of the respondent herein against the estate of the coal company is based upon its alleged promise to pay Barber's indebtedness to the bank, which was represented by his notes to it, but the actions in which the judgments were rendered were based upon the alleged promissory notes of the coal company to the bank. The causes of action are not identical, hence the judgments are not a bar to the respondent's action, unless they operate as an estoppel by verdict. In order that a judgment in a former action should bind parties and privies by way of estoppel in a subsequent action as to a question of fact, it must appear from the judgment, or be shown by extrinsic evidence, that such question was directly involved within the issues made in the former action, and actually litigated and determined therein; or, in other words, a former judgment does not operate as an estoppel by verdict except as to facts shown to have

been directly and distinctly put in issue, and the finding of which was necessary to uphold the judgment. Augir v. Ryan, 63 Minn. 373, 65 N. W. 640; 1 Freeman, Judg. § 257.

We are now to inquire whether the alleged fact that the coal company assumed and agreed to pay the indebtedness of Barber to the bank was directly involved and determined in the issues in the actions in' which the judgments were rendered, and whether a finding thereon was necessary to uphold them.

There was no extrinsic evidence offered as to what issues were made and litigated in such actions, and, unless it affirmatively appears upon the face of the judgment rolls that the question as to such assumption contract was directly involved in the issues made in the former actions, and actually litigated and determined therein, the contention of the appellants must fail. They claim that the finding that the coal company received no consideration for the notes, and that they were executed for it by Barber, without authority, for his own accommodation, excludes all possibility that the alleged assumption contract was made, for, if it had been, there would have been a consideration for the notes. But how could it be shown that there was or was not a consideration for notes that were never executed? The most that could have been shown would have been the fact that, if the coal company had made the notes, there would have been no consideration therefor. The finding in the respective actions that the coal company never executed the notes was all that was necessary to support the judgments, and a further finding that it never received any consideration for the promissory notes it never made became immaterial. If the receiver had proven on the trial that the coal company made the assumption contract, and the court had so found, the finding would have been immaterial, for he could not have recovered against the coal company on notes that it never made, on the ground that, if it had made them, they would have been supported by a consideration.

Conceding, however, without so deciding, that the finding as to the consideration for the supposed notes was material, and necessary to support the judgments, still it does not affirmatively appear upon the face of the judgment rolls that the question as to the al-

leged assumption contract was directly in issue, much less that it was determined against the receiver, the assignee of respondent. It is only by argument and inference that the appellants claim to spell out the conclusion that the assumption contract was in issue, and necessarily determined against the receiver. This is not enough, for the judgments cannot operate as an estoppel by verdict unless it affirmatively appears by the record or by extrinsic evidence that the alleged fact was directly involved in the issue, and necessarily determined. That such is not this case is apparent from an inspection of the judgment rolls. The notes might have been made without any consideration for making them, even if the assumption contract had been made. The findings of the trial court are sustained.

Order affirmed.