## JAMES A. LEONARD v. THOMAS D. SCHALL.[1]

May 5, 1916.

Nos. 19,628—(52).

**Estoppel — judgment in former action not a bar.**

1. Plaintiff brought suit to recover for services and alleged both an express contract and *quantum meruit*. On defendant's motion plaintiff elected to rely on *quantum meruit*. On the trial defendant insisted that plaintiff could not recover because the services had been rendered under an express contract; he also insisted that they had been paid for in full. The court directed the jury to return a verdict for defendant if the services had been rendered under an express contract; he also directed them to return a verdict for defendant if the services had been paid for in full. He directed them to return a verdict for plaintiff, if no express contract existed and the services had not been paid for in full. They returned a verdict for defendant and judgment was entered thereon. Subsequently plaintiff brought the present suit upon the express contract asserted by defendant in the former suit. Held: (1) That the doctrine of estoppel by judgment does not apply as the present suit is not based upon the same cause of action as the former, and, if it were, that defendant is estopped from now asserting that fact; (2) that the doctrine of estoppel by verdict does not apply, as it does not appear that the issues in the present suit were necessarily determined by the judgment in the former.

**Modification of contract — burden of proof — question for jury.**

2. Whether, after making the original contract, the parties made a subsequent contract by which certain services were not to be paid for under the original contract was a question for the jury; and the burden of establishing such modification of the original contract was upon defendant.

Action in the district court for Hennepin county by an assignee to recover a balance of $1,861.79 for services and disbursements on behalf of defendant. The case was tried before Dickinson, J., and a jury which

[1]Reported in 157 N. W. 723.

returned a verdict for $1,407.62. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Freeman P. Lane, John Ott, Burdette C. Thayer and A. D. Smith,* for appellant.

*Anthony T. Grotte and Francis B. Hart,* for respondent.

TAYLOR, C.

Plaintiff brought this action to recover for services rendered by one Hart as an attorney at law in the preparation and trial of several lawsuits for defendant, another attorney. The claim for such services had been duly assigned to plaintiff and he recovered a verdict. Defendant made a motion, in the alternative, for judgment notwithstanding the verdict or for a new trial, and appealed from the order of the district court denying such motion.

Plaintiff brought a prior action to recover for the same services which resulted in a judgment in favor of defendant; and the first and principal question now presented is whether that judgment bars him from maintaining the present action.

In the former action, plaintiff alleged the performance of the services and that defendant agreed to pay the sum of $50 per day for the work performed in court in the trial of cases, and $25 per day for the work performed in the office in the preparation of such cases, and further alleged that the services rendered were reasonably worth such amounts. Defendant admitted the employment, but alleged that the services were performed under an express contract whereby Hart was to receive $25 per day for the trial of cases, and $10 per day for the preparation thereof, and further alleged that Hart had been paid in full for all services rendered by him. At the opening of the former trial, defendant made a motion that plaintiff be required to elect whether he would rely upon an express contract or upon *quantum meruit,* and he elected to rely upon *quantum meruit.* At the close of the evidence, the court instructed the jury to the effect that plaintiff, having elected to rely upon *quantum meruit,* could not recover if the services were performed under an express contract, and directed them to determine whether the services were

performed under an express contract, and to return a verdict for defendant in case they found that such was the fact. The court further instructed the jury, in substance, that, if the services were not performed under an express contract, the jury should determine the reasonable value thereof and the amount already paid to Hart therefor, and, if Hart had not been paid in full, they should return a verdict for plaintiff for the balance unpaid, but, if Hart had already been paid in full, they should return a verdict for defendant. As the case was submitted to the jury, they were required to return a verdict for defendant in case they found either that the services were performed under an express contract, or that Hart had already been paid the reasonable value of such services. They could return a verdict for plaintiff only in case they found that the services had not been performed under an express contract, and that they were reasonably worth more than had been paid. Both parties tried the case upon the theory laid down by the court in its charge, and acquiesced in the instructions given the jury as correctly stating the rules by which they were to be governed; and whether such instructions were right or wrong, neither party can now question their correctness. The jury returned a general verdict in favor of defendant, and, on appeal to this court, this verdict was sustained (Leonard v. Schall, 125 Minn. 291, 146 N. W. 1104, Ann. Cas. 1915 C, 922), and thereafter judgment was duly rendered thereon.

In the present action, plaintiff seeks to recover upon the express contract which defendant asserted and relied upon to defeat the former action, and the first question is whether the cause of action which plaintiff seeks to enforce in this suit is the same cause of action which he sought to enforce in the former suit. If it is, the doctrine commonly termed estoppel by judgment applies, and plaintiff is bound by the judgment in the former suit and barred from maintaining this suit; if it is not the same cause of action, the doctrine commonly termed estoppel by verdict applies, and plaintiff is bound by the former judgment only as to those matters actually litigated and determined in the former suit.

Defendant insists that, under the rule announced in Meyer v. Saterbak, 128 Minn. 304, 150 N. W. 901, the pleadings in the former suit entitled plaintiff to present and enforce therein the cause of action which he now asserts in this suit, and that the judgment in that suit is a bar

to this suit for that reason. Conceding defendant's premise, his con-clusion does not follow. In explanation of the position taken by the parties and the court at the former trial, it may not be amiss to note that the decision cited was not made until some time after that trial, and that earlier decisions gave color for the position there taken. But conceding that the pleadings in the former suit were sufficient to entitle plaintiff to enforce his present cause of action in that suit, it is nevertheless true that, at defendant's instance, the trial court held, and instructed the jury as a matter of law, at the former trial, that plaintiff could not recover in that suit upon the present cause of action. Even if the rule applied was not correct, it was applied at defendant's instance as the law govern-ing the rights of the parties in that suit, and plaintiff's rights therein were fixed and determined by it, and defendant cannot now question its correctness. He is now estopped from asserting that the cause of action upon the express contract relied upon in the present suit is the same cause of action upon which plaintiff sought to recover in the former suit. But, aside from the question of estoppel, it may well be held that the cause of action tried in the first suit was not the same as the cause of action in the second suit, although both arose out of the same transac-tion. See Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Village of Wayzata v. Great Northern Ry. Co. 67 Minn. 385, 69 N. W. 1073; Swanson v. Great Northern Ry. Co. 73 Minn. 103, 75 N. W. 1033; Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247; Kaaterud v. Gilbertson, 96 Minn. 66, 104 N. W. 763; Stitt v. Rat Portage Lumber Co. 101 Minn. 93, 111 N. W. 948.

The next question is whether the issues in the present suit were in fact litigated and determined in the former suit so as to enable defend-ant to invoke the doctrine of estoppel by verdict. The verdict in the former suit may have been based upon either of two grounds: That the services in question had been rendered under an express contract; or that the reasonable value thereof had been paid in full. If it was based upon the ground that an express contract existed between the parties and that plaintiff could not recover for that reason, the issues in the present suit were not determined thereby; if it was based upon the

ground that Hart had already been paid in full for his services, the issues in the present suit were determined thereby.

In Neilson v. Pennsylvania Coal & Oil Co. 78 Minn. 113, 80 N. W. 859, the rule governing estoppel by verdict was stated by Chief Justice Start as follows: "A former judgment does not operate as an estoppel by verdict except as to facts shown to have been directly and distinctly put in issue, and the finding of which was necessary to uphold the judgment." In Irish American Bank v. Ludlum, 56 Minn. 317, 57 N. W. 927, Chief Justice Gilfillan said: "It should appear with certainty that the court or jury must have found the fact in order to reach the verdict or decision; in other words, that the finding of the fact was necessarily involved." To the same effect see Augir v. Ryan, 63 Minn. 373, 65 N. W. 640; Macomb Sewer-Pipe Co. v. Hanley, 61 Minn. 350, 63 N. W. 744. As it does not appear that the issues in the present suit were necessarily determined by the former judgment, that judgment had no effect as an estoppel by verdict.

A suit in the United States court conducted by Hart for defendant against the Northern Pacific Railway Company resulted in a verdict for the railway company, and an appeal was taken to the United States Circuit Court of Appeals where the verdict was sustained. Defendant claims that plaintiff is not entitled to recover for the services rendered by Hart in this suit, for the reason that it conclusively appears that these services were rendered under a special agreement excepting them from the general contract of employment, and whereby Hart was to receive a specified part of the amount recovered, if the suit was successful, and was to receive nothing if the suit was unsuccessful. Hart claims that he agreed to make the contingent contract only on condition that defendant would agree to pay him $50 per day for court work and $25 per day for office work in the other cases; that defendant refused to agree to pay those prices, and that the special agreement never became effective for that reason. The negotiations in respect to the special agreement apparently took place after the case had been tried and the verdict rendered, but before the appeal had been taken. We think the evidence, taken as a whole, made a fair question for the jury as to whether this special agreement had been entered into, and that their verdict cannot be disturbed upon the ground urged.

Defendant contends that the trial court erred in instructing the jury that the burden was upon defendant to establish this special agreement; that in fact the burden was upon plaintiff to prove that all the services for which he sought to recover were rendered under the contract which he alleged. This is probably true as a general rule; but in the present case there was a general contract of employment under which Hart was to receive a specified price per day for such services as he should perform for defendant, and a considerable portion of the services in question had been rendered under that contract before the special agreement is claimed to have been made. Under these circumstances, if the services in question were excepted from the prior contract by a subsequent agreement, the one asserting that fact should establish it.

We find no reversible error and the order appealed from is affirmed.