## MARY STOTHARD v. BERNARD M. SHANLEY.[1]

February 5, 1926.

No. 25,025.

**Estoppel by judgment.**

1. The doctrine of estoppel by judgment applies only where the cause of action asserted in the present suit is the same cause of action asserted in the former suit.

**Estoppel by verdict.**

2. The doctrine of estoppel by verdict applies only as to those matters litigated and necessarily determined in the former suit.

**Action for work and labor not barred by adverse judgment in action for specific performance.**

3. An adverse judgment in an action in which a party sought to enforce a parol contract to convey a parcel of land in payment for services rendered, does not bar him from maintaining an action to recover for the services.

Judgments, 34 C. J. pp. 802 n. 6; 823 n. 7; 920 n. 58.

From an order of the probate court for Hennepin county, Dahl, J., disallowing her claim for labor and services, plaintiff appealed to the district court for that county where the appeal was heard by Reed, J., and a jury which returned a verdict in favor of plaintiff. Defendant Door, the administrator, appealed from an order denying his motion for a new trial. Affirmed.

*L. A. Door* and *Lindquist & Nordstrom,* for appellant.
*Henry Deutsch* and *Ell M. Rosenstein,* for respondent.

[1]Reported in 207 N. W. 198.

TAYLOR, C.

Thomas Shanley died October 10, 1922. Mary Stothard filed a claim against his estate for labor and services as manager and housekeeper in conducting roominghouses for him for something over 11 years prior to his death. The claim was disallowed by the probate court. She appealed to the district court and obtained a verdict covering her services for the six years immediately preceding his death. The executor of his will appealed from an order denying a new trial.

The appellant contends that the judgment in a former action brought by him as executor against the respondent herein bars her from recovering in this action. Unless the doctrine of estoppel by judgment or of estoppel by verdict applies to the present action, his contention cannot be sustained. He brought the former action to recover from the respondent the possession of a house and lot purchased by the decedent in his own name shortly before his death. She interposed an answer in which she set forth the services she had rendered for the decedent, and alleged that he had agreed to buy the house and lot and cause it to be conveyed to her as compensation for such services; that she had agreed to accept this property in payment for her services; that he purchased the property and represented that the title had been conveyed to her; and that she did not know that he had taken the title in his own name until after his death. She asked judgment that she be decreed to be the owner of the property, and that, if deemed necessary by the court, the deed be reformed by inserting her name as grantee therein in place of the name of the decedent. The allegations of her answer were put in issue by the reply. The cause was tried to a jury who returned a verdict in favor of the appellant, and judgment was thereafter entered awarding him possession of the premises.

We have only the pleadings, the verdict and the judgment in the former action, as there is no settled case. The action was in ejectment. The respondent asserted that she was entitled to the property on the ground that the decedent had made a parol agree-

ment to convey it to her in payment for her services. The judgment determined that she was neither the owner nor entitled to the possession of the property. It determined nothing more. The present action is to recover for labor and services. The cause of action asserted by the respondent in the former action and the cause of action asserted by her in the present action are not the same and consequently the doctrine of estoppel by judgment does not apply. Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; West v. Hennessey, 58 Minn. 133, 59 N. W. 984; Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. 247; Kaaterud v. Gilbertson, 96 Minn. 66, 104 N. W. 763; Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166.

The doctrine of estoppel by verdict applies only as to those matters actually litigated in the former action and necessarily determined by the former judgment. It does not apply to issues raised in the former action, if the court could have rendered the judgment therein without deciding such issues. Neilson v. Penn. C. & O. Co. 78 Minn. 113, 80 N. W. 859; Irish Am. Bank v. Ludlum, 56 Minn. 317, 57 N. W. 927; Augir v. Ryan, 63 Minn. 373, 65 N. W. 640; Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166; Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 158 N. W. 606; James v. Pettis, 134 Minn. 438, 159 N. W. 953; Venie v. Harriet State Bank, 146 Minn. 142, 178 N. W. 170; Fox v. Fox, 154 Minn. 169, 191 N. W. 420. The judgment in the former action determined merely that the respondent had failed to establish title or right of possession to the house and lot. It may have been based on the ground that she had failed to prove the alleged contract, or that the contract was void under the statute of frauds. It did not necessarily determine that she was not entitled to recover for her services, and is not a bar to the present action.

Three assignments of error are directed to rulings on the admission of evidence. They were not urged at the argument, and, although the excluded evidence might well have been admitted, its exclusion will not justify a reversal.

Order affirmed.