JOHN M. GUSTAFSON v. JOHANNA GUSTAFSON.[1]

June 21, 1929.

No. 27,073.

[1]Reported in 226 N. W. 412.

*Almer J. Peterson* and *Robert H. Petzke,* for appellant.
*John N. Berg,* for respondent.

STONE, J.

Plaintiff appeals from a judgment of dismissal ordered on the pleadings. He and defendant are husband and wife. His complaint is for an absolute divorce on the sole ground of cruel and inhuman treatment. The answer, after a general denial, is that in 1925 defendant sued for limited divorce on the ground of plaintiff's alleged cruel and inhuman treatment of her; that the findings in the former case were that he had for many years, and especially since 1920, conducted himself toward her in a manner so inconsiderate of her peace of mind, physical well-being and self-respect as to render it unsafe and improper for her to cohabit with him, and that pursuant to such findings the judgment for a limited divorce was entered May 25, 1926. The reply admits the decision and judgment so pleaded, and avers that the wife did not obtain her divorce through any proof of cruel and inhuman treatment but only through the willingness of the husband, plaintiff herein, that she obtain her decree of separation. Judgment for defendant was entered on the pleadings because, as is made to appear from the searching and helpful memorandum in support of the order, the learned trial judge adopted the argument for defendant that the decree in her

action for limited divorce made the issue of her cruel and inhuman treatment of him now tendered by the husband res judicata.

■ The cases on the subject are in a degree of confusion due in part to the always regrettable but unavoidable failure of judges to agree, but in greater part to their more regrettable but avoidable failure, in considering the problem, always to make clear that there are two quite distinct methods whereby a former judgment becomes an insurmountable obstacle to one or more of the parties thereto or their privies in subsequent litigation. "There is a wide difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action." In the latter case the judgment in the first suit does operate as an estoppel, but *only* as to any "point or question actually litigated and determined." 15 R. C. L. 962, 973; O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 A. S. R. 426; Kinzel v. B. & D. F. L. Co. 124 Minn. 416, 145 N. W. 124; Maguire v. Maguire, 171 Minn. 492, 214 N. W. 666, 215 N. W. 522; Leonard v. Schall, 132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166. The principle is that of estoppel by verdict. Although that term is of "doubtful propriety" (21 C. J. 1061), there is no doubt of the effect it designates. A judgment, as a bar to a cause of action, is simply conclusive evidence that the claim does not exist. It shows either that "the cause of action has been satisfied and merged in the judgment, or its nonexistence has been judicially determined and forever settled by the judgment." But the estoppel of the verdict or decision behind it, as distinguished from the bar of the judgment itself, "precludes parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them." Cromwell v. County of Sac, 94 U. S. 351, 353, 24 L. ed. 195 (quoting from Lord Ellenborough in Outram v. Morewood, 3 East. 346); followed in Fuller v. Metropolitan Life Ins. Co. 68 Conn. 55, 64, 35 A. 766, 57 A. S. R. 84; 7 Wd. & Phr. (1 ser.) 6127.

The argument for defendant is that the findings supporting her decree for limited divorce negative misconduct on her part—that the judge could not have reached in that case the conclusion he did without having considered whether the wife had been guilty of misconduct and without determining that she had not. In that we cannot agree. The doctrine of res judicata is to be applied with caution. 3 Dunnell, Minn. Dig. (2 ed.) § 5160. The burden is upon the litigant who invokes a prior judgment as a bar or estoppel to plead and prove it. Andrews v. School Dist. No. 4, 35 Minn. 70, 27 N. W. 303, and other cases cited; 3 Dunnell, Minn. Dig. (2 ed.) § 5204. The record in the former case will be examined to determine just what issues were litigated and decided. The decree in the separation case should not be held a bar to divorce "unless the only facts which would render the decree possible are such as would of themselves preclude the libellant from obtaining a divorce." Watts v. Watts, 160 Mass. 464, 466, 36 N. E. 479, 23 L. R. A. 187, 39 A. S. R. 509. But here the record of the previous action (as reflected by the present pleadings, to which we are confined) well supports an hypothesis other than one including as an element a consideration of misconduct by the wife and its judicial negation. Therefore, in the absence of an explicit showing that the issue was litigated, we must conclude that it was not. The husband may have elected, as was his right if he had grounds for a cross-bill, not to interpose them even as a defense in the separation suit. Further comment on that proposition will come later.

■ There remains to consider whether the judgment in the former case is a judicial negation of the cause of action plaintiff now asserts and so "conclusive evidence" of its nonexistence. A judgment against the wife in her action for absolute divorce on the ground of cruel and inhuman treatment is such a judicial and final negation of the cause of action and the asserted ground for it as to bar a subsequent action for limited divorce on the same ground. Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766. Obviously, a decree of limited divorce does not bar an action by the wife for an absolute divorce upon grounds arising *after* the decree. Evans v. Evans, 43 Minn. 31, 44 N. W. 524, 7 L. R. A. 448. Neither

does a wife's decree of separation forever from bed and board bar a later action by her for absolute divorce on the *same* ground. "The two remedies are not inconsistent and the doctrine of election does not apply; * * * the cause of action is not the same, and there is therefore no merger of the cause of action." Kunze v. Kunze, 153 Minn. 5, 7, 189 N. W. 447, 25 A. L. R. 1045. (As to the necessity for distinguishing constantly between identity of subject matter of litigation and the very different thing designated as the identity of causes of action arising from the same subject matter, see State of Wisconsin v. Torinus, 28 Minn. 175, 9 N. W. 725.) Inasmuch as a decree of limited divorce is not a bar against the wife, it is not against the husband. The bar of a judgment in order to make an issue res judicata must be mutual, that is, operative equally against both parties. "Unless both parties are bound by the judgment it will not operate as a bar or estoppel in favor of either." 3 Dunnell, Minn. Dig. (2 ed.) § 5165, citing, inter alia, Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263, and Bigelow v. Old Dominion C. M. & S. Co. 225 U. S. 111, 32 S. Ct. 641, 56 L. ed. 1009, Ann. Cas. 1913E, 875.

The general rule is frequently stated, as it was in Kinzel v. B. & D. F. L. Co. 124 Minn. 416, 145 N. W. 124, and Eder v. Fink, 147 Minn. 438, 180 N. W. 542, that "a final judgment in a former action between the same parties is conclusive as to every matter which might have been properly litigated in that action * * * although, in form and in the remedy sought, the two actions are different." That rule must be applied with accurate understanding of what is included in the phrase, "every matter which might have been properly litigated" in the former action. It is of course inclusive of every element of the cause of action and defense. A negative judgment, one against the plaintiff, "determines all the right of the parties upon it" although it was but partially presented. It bars "new grounds for relief" upon the same cause of action which were not presented in the first case. Olson v. Shephard, 172 Minn. 290, 292, 215 N. W. 211. In the same fashion, an affirmative decree, establishing and merging the cause of action, is a negation of all purely defensive matter. Thompson v. Myrick,

24 Minn. 4. For example, a judgment for the creditor on a promissory note or other demand is conclusive against a claim of fraud, payment, or absence of consideration, which may be made subsequently by the debtor in a later action between the two even though not put in issue in the first case. But not so against any claim not asserted in the first action and which if interposed would have been not only a defense therein but also an independent cause of action in favor of the claimant.

A plaintiff may, within conventional limits, select the time and place for the litigation of his cause of action against the defendant. But he has no right to compel the latter to litigate his own causes of action at the same time and place or impose as a penalty for the defendant's refusal to do so the bar of former adjudication. The proposition was established for this court in Jordahl v. Berry, 72 Minn. 119, 75 N. W. 10, 45 L. R. A. 541, 71 A. S. R. 469, where it was held that a judgment by default in an action by a physician against his patient to recover payment for professional services would not bar a later action by the patient against the physician for damages caused by malpractice in performing the services for which the judgment was procured. What was there referred to as the "New York doctrine" would have required the contrary holding that the judgment in favor of the surgeon for his services barred the action for malpractice in the performance of such services, because if the malpractice existed as claimed it would have been a complete defense to the claim for services. That rule this court then (1898) refused to adopt, although it was conceded to be consistent with the "hard logic" of the proposition. The difficulty was recognized of determining what points were in issue and concluded by the previous judgment "or, rather, what issues were necessarily involved in the judgment, although not directly and expressly made and litigated." That is precisely our present problem. The reasoning explanatory of and justifying the conclusion in Jordahl v. Berry, 72 Minn. 119, 125, 75 N. W. 10, 45 L. R. A. 541, 71 A. S. R. 469, was this:

"Negligence or want of skill in the performance of services, resulting in damages to the employer, creates an affirmative cause of

action in his favor, the moment the negligent or unskillful act is committed; that this cause of action, like every other one, carries with it the right of the party to sue on it and put it into judgment in his own way; that one cause of action cannot, in and of itself, when merged in judgment, carry with it another cause of action, however closely the two may be connected; that, where a defendant has a cross claim, he may set it up as a defense or counterclaim, but is not bound to do so, although the two causes of action grow out of the same contract."

A decree of absolute divorce establishes necessarily the nonexistence of any defense or grounds for a cross-bill. Moreover, it forever ends the contract of marriage and the resulting status out of which such a defense or cross-bill would arise and without which neither can exist. The action for limited divorce under our statute is something very different. Kunze v. Kunze, 153 Minn. 5, 189 N. W. 447, 25 A. L. R. 1045. While a decree of separation may by its terms be "forever," it is subject to termination by consent of the parties and the aid of the court. It suspends but does not destroy the marriage status. By vacation of the decree, as provided by statute [G. S. 1923 (2 Mason, 1927) § 8615] the matrimonial status is restored in all its original scope. The purpose of a limited divorce is to protect the wife (the husband does not have the benefit of the procedure) from a condition which it is hoped may be temporary and which with all its bad effects may be removed by reconciliation. It is a scheme of statutory law to supply a remedy something less than an absolute divorce which will preserve, if possible, or at least leave open to easy restoration, the marriage status. Many a spouse, defendant in a divorce action, has declined to press a good defense or interpose a meritorious cross-bill. Many a husband, defendant in a separation suit, has done the same knowing full well that by interposing his just defense or cross-bill he would jeopardize if not destroy the chance for the hoped for reconciliation. Where, therefore, the husband, defendant in such a case, has ground of divorce in the misconduct of his wife but, hoping for reconciliation, declines to bring it forward either in

mere defense or by cross-bill for an absolute divorce in his favor, he is to be commended rather than penalized by being barred from asserting his rights subsequently if, failing a reconciliation, he is later himself sued, or on his part elects to sue, for an absolute divorce.

So we consider untenable the argument that the defendant therein, plaintiff here, was under any duty either to defend or counterclaim on the ground of his wife's alleged misconduct and that, not having done so, he is barred of his cause of action if he has one. In Watts v. Watts, 160 Mass. 464, 36 N. E. 479, 23 L. R. A. 187, 39 A. S. R. 509, a wife, guilty of adultery to the knowledge of her husband, who did not defend on that ground, procured a limited divorce. Afterwards he sued for an absolute divorce, and his cause of action was held not barred by his failure to plead it in the first case and the decree therein against him. The special considerations attending the action for a limited divorce, to which we have referred, in the absence of an actual litigation of the issue, prevent the decree for the wife from being a bar of the husband's present claim of misconduct on her part entitling him to an absolute divorce.

Judgment reversed.

HOLT, J.
I dissent.