## WILFRED WOLFSON v. NORTHERN STATES MANAGEMENT COMPANY.[1]

April 12, 1946.

No. 34,199.

See, 210 Minn. 504, 299 N. W. 676.

*Louis B. Schwartz,* for appellant.

*Louis Sachs,* for respondent.

MATSON, JUSTICE.

Appeal from judgment entered pursuant to an order granting defendant's motion for judgment in its favor on the pleadings on plaintiff's second cause of action.

[1]Reported in 22 N. W. (2d) 545.

In 1936, plaintiff and defendant entered into a ten-year written contract whereby plaintiff, in return for a one-third share of the net profits, agreed to devote such portion of his personal time and attention as should be reasonably necessary in and for the successful management of defendant's property known as the Carlsboro Apartments in Minneapolis. (The contract terms are more fully set forth in our opinion on the former appeal. See, Wolfson v. Northern States Management Co. 210 Minn. 504, 299 N. W. 676.) In December 1938, defendant, alleging that plaintiff had neglected his duty and failed to perform the terms of the contract, ousted plaintiff as manager. In the present action, plaintiff's complaint set forth two causes of action, the first, for the recovery of an unpaid balance of earnings alleged to have accrued prior to plaintiff's ouster, and the second, for the recovery of $10,000 as damages for breach of contract by defendant in ousting plaintiff. Defendant's answer pleaded as a first defense that plaintiff had himself neglected his duty and had wholly breached and failed to perform the terms of the contract. As a further defense, it alleged that the fact issue as to whether plaintiff had himself breached the contract had been finally adjudicated and determined in defendant's favor in a prior action, and that the judgment entered in said prior action is therefore *res judicata* of the same issue in the instant case. Plaintiff then moved the trial court for an order striking from defendant's answer the paragraph setting up the defense of *res judicata,* but the motion was denied. Defendant then moved for judgment on the pleadings, and this latter motion, though denied as to the first cause of action, was granted as to the second on the ground of *res judicata.* Judgment on the second cause of action was thereupon entered for defendant, and from this judgment this appeal is taken.

Unlike the present suit for breach of contract, plaintiff's former action (see, Wolfson v. Northern States Management Co. *supra*) sounded in tort and was brought to recover damages sustained as the result of an alleged conspiracy to oust plaintiff and deprive him of the benefits of his contract. The former action was brought

against the present defendant, a corporation, and also two corporate directors individually. As a defense, the corporation alleged that plaintiff had himself breached the contract. The individual defendants interposed an answer in the form of a general denial. In instructing the jury, the trial court in the former action defined the issue as follows:

"* * * As the Court stated to you, *this action is not brought for a breach of contract. If it was brought on a breach of contract, then the issue which you would determine is as to whether or not the plaintiff was performing that contract,*—or performing his duties in the management of that building pursuant to that contract. But *this action is brought on the theory of a tort,* that the defendants conspired together to unlawfully oust the plaintiff from the management of that building. It is the claim of the plaintiff that the defendants acted maliciously, and that simply means that they acted without justification or excuse. So that is going to be *one of the issues for you,* members of the jury, *to determine in this case,—as to whether or not the defendants acted as they did with justification or excuse.*

"* * * The term, malice, as I have used it, means nothing more than the intentional doing of a wrongful act without legal justification or excuse. *The standard by which to judge whether one party acted without justification or excuse, is reasonable conduct under all the circumstances of the case* as you find the circumstances and facts to be.

* * * * *

"* * * if you find and believe that the defendants in discharging the plaintiff as manager of the Carlsboro apartment hotel, acted with justification or in good faith, that is if they had reason to believe that the plaintiff was not managing said apartment in accordance with the terms of the contract, then your verdict will be for the defendants. Have I made that clear to you, ladies and gentlemen? *You are to determine the question, not whether they acted rightfully or not, but whether they acted with justification,*

*whether or not they had good reason to believe that they were doing the right thing."* (Italics supplied.)

The jury's verdict was for defendants, and, upon appeal, the verdict was affirmed. Wolfson v. Northern States Management Co. *supra.*

■ Was the issue of fact as to whether plaintiff himself had breached the contract finally adjudicated and determined in the former action so as to constitute the judgment therein a bar to the same issue raised in plaintiff's second cause of action in the instant case? In determining whether the defense of *res judicata* is available, it is important to distinguish between estoppel by judgment and estoppel by verdict.

"'* * * 'There is a wide difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action.' In the latter case the judgment in the first suit does operate as an estoppel, but *only* as to any 'point or question actually litigated and determined.'" Gustafson v. Gustafson, 178 Minn. 1, 3, 226 N. W. 412, 413.

Estoppel by verdict, as distinguished from estoppel by judgment, is limited in its application to the issues of fact actually adjudicated in the prior action, and such adjudication of questions of fact, so placed in issue and determined by the jury or other trier of fact, is *res judicata* and is final and conclusive on the parties and their privies in all subsequent litigation although different causes and forms of actions are involved.[2]

Obviously, we are here concerned with the principle of estoppel by former verdict, and in its application it is immaterial that the first action sounded in tort and the later one in contract.

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were

---

[2]Jordahl v. Berry, 72 Minn. 119, 122, 75 N. W. 10, 11, 45 L. R. A. 541, 71 A. S. R. 469; 2 Pirsig's Dunnell, Minn. Pleading, § 1949, and cases cited in notes; 3 Dunnell, Dig. & Supp. §§ 5161, 5162; Restatement, Judgments, § 68, *comment c.*

there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. **In** such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief." 30 Am. Jur., Judgments, § 178.

■ Was the fact issue as to whether plaintiff had himself breached the contract actually adjudicated in the prior action? We think not. The court's charge to the jury specifically stated that the issue submitted for determination was not that of determining "whether or not the plaintiff was performing" the contract, but whether the defendants acted "with justification." The court charged that the standard for ascertaining whether the defendants acted "without justification or excuse" was that of "reasonable conduct under all the circumstances of the case." With emphasis, the court said:

"* * * Have I made that clear to you, ladies and gentlemen? You are to determine the question, *not whether they acted rightfully or not, but whether they acted with justification, whether or not they had good reason to believe that they were doing the right thing.*" (Italics supplied.)

It is true that the court instructed the jury that they could find that defendants acted with justification and good faith "if they had reason to believe that the plaintiff was not managing said apartment in accordance with the terms of the contract." Taking the court's charge as a whole, however, it is clear that the issue framed by the court did not require a finding that plaintiff had actually breached the contract. Something less than an actual breach

was all that was required to support a finding that defendants, *in compliance with the standard of reasonable conduct,* had acted with justification and had good reason to believe that they were doing the right thing. If less than an actual breach was not sufficient, there would have been no occasion for the court to emphasize that the jurors were *not* to determine if defendants had "acted rightfully or not." The jury could find that defendants had acted rightfully only by determining that plaintiff himself had breached the contract, but the jury was expressly not limited or guided by any such standard of rightful conduct. Of course, the jury may in fact have found that plaintiff was guilty of nonperformance, but it may also have found only that plaintiff's conduct, short of involving an actual breach, was merely of such a misleading nature as to justify defendants, under all the other surrounding circumstances, in reasonably believing that they were doing the right thing. It is not for us to speculate whether the jury, as a justification for the action of defendants, found that plaintiff's misconduct was of such a degree or nature as necessarily to involve an actual breach of conduct or whether such misconduct was of a lesser degree. *Reasonable justification or belief, and not rightful action, was the jury's guidepost.* It is not enough to say that the evidence warranted a finding of an actual breach. The defense of *res judicata* through estoppel by verdict is to be allowed with caution, and it must rest upon a more solid basis than mere speculation as to what was actually adjudicated in the prior action. Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412; 2 Pirsig's Dunnell, Minn. Pleading, § 1948; 3 Dunnell, Dig. & Supp. § 5160.

Estoppel by verdict does not apply to issues of fact raised in a former action if the jury therein could have rendered its verdict without deciding such issues. Stothard v. Shanley, 166 Minn. 134, 207 N. W. 198. There can be no estoppel where there is a reasonable doubt as to whether a fact was actually adjudicated. We cannot here find with certainty that the jury's verdict establishing justifiable action on the part of defendants was necessarily based on a finding of an actual breach by plaintiff himself. Leonard v. Schall,

132 Minn. 446, 157 N. W. 723, 4 A. L. R. 1166; 3 Dunnell, Dig. & Supp. § 5162. Defendant, in its attempt to invoke the defense of estoppel by verdict, has not sustained the burden of proof. Gustafson v. Gustafson, 178 Minn. 1, 226 N. W. 412.

The judgment is reversed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.