**Robert McDONALD, Petitioner-Respondent,**

v.

**W. W. FERGUSON, Director of Safety Responsibility for the North Dakota State Highway Department, Walter R. Hjelle, State Highway Commissioner for the State of North Dakota, and Ralph Wood, Superintendent of the North Dakota State Highway Patrol, Respondents-Appellants.**

No. 8089.

Supreme Court of North Dakota.

July 1, 1964.

Francis Breidenbach, Bismarck, for petitioner and respondent.

Helgi Johanneson, Atty. Gen., and Jon R. Kerian, Special Asst. Atty. Gen., Bismarck, for respondents and appellants.

MORRIS, Chief Justice.

In 1961, the petitioner and respondent was the holder of a driver's license authorizing him to drive an automobile on the highways of this State. On September 20, 1961, that license was revoked by order of W. W. Ferguson, Director of Safety Responsibility for the State of North Dakota, presumably acting for the State Highway Commissioner under the provisions of the North Dakota Implied Consent Law, Chapter 269, S.L.N.D.1961 (Chapter 39-20, N.D.C.C., as amended).

The petitioner did not pursue the administrative remedy of hearing and appeal provided by Sections 39-20-05 and 39-20-06, N.D.C.C., but brought this action directly in the district court. He demanded judgment voiding the order which revoked his driver's license, permanently enjoining the defendants from interfering with the plaintiff's driver's license and privilege to drive, and directing the return of the license to him. A temporary injunction was also sought against the defendants pending the determination of the action on the merits. The court issued a temporary injunction.

There was no challenge to the procedure followed. The case was submitted to the trial court on two stipulations. The first stipulation, dated October 29, 1962, states that no test was given by means of the Harger Drunkometer or other similar device that had been approved by the American Medical Association and the National Safety Council. It is also stated that this fact was not agreed to be material to the case. The second stipulation was made on November 28, 1962, as follows:

"It is stipulated by and between the attorneys for the Petitioner and Respondents that the facts herein are uncontroverted and may be used by the Court to determine this matter on the merits and that such determination shall be upon the present state of the record and that the Respondents do not intend to answer the Complaint.

"On or about the 17th day of September, 1961, at 2:00 o'clock A.M., the Petitioner herein, having been arrested and informed that he would be charged with the offense of driving or being in actual physical control of a vehicle on the public highways while under the influence of intoxicating liquor, did refuse to submit to a chemical test to determine the alcoholic content of his blood, and that the arresting officer was Maurice H. Arves and a copy of the affidavit made by Maurice H. Arves, and certified as a true and correct copy is hereby attached and made a part of this stipulation.

"That for such refusal to submit to a chemical test an order of revocation of driver's license no. 45036 was issued by W. W. Ferguson on the 20th day of September, 1961, against the Petitioner.

"That the Petitioner, Robert McDonald was tried for the offense of operating a motor vehicle while under the influence of intoxicating liquor and was acquitted.

"That no test given by means of the Harger Drunkometer or other similar devices to measure the amount of alcohol in a person's blood has been approved by the American Medical Association or the National Safety Council.

"That the above facts are hereby stipulated without regard to relevancy in this matter."

On January 18, 1963, judgment was entered dissolving the temporary injunction theretofore issued and declaring the order of revocation of the driver's license, issued by the defendant Ferguson on September 20, 1961, to be null and void and of no legal effect. The respondents appealed.

The record on appeal contains no transcript and no exhibits, except a copy of the affidavit of the arresting officer, which is referred to in and attached to the stipulation of facts which is made a part of the judgment roll. Since no answer was made by the respondents to the complaint, as is indicated by the stipulation, the trial court appears to have considered as issues in the case the constitutionality of Subsection 5 of Section 39–20–07, N.D.C.C., raised by the challenge that, as applied to the plaintiff, it amounts to an unconstitutional delegation of legislative authority to private associations to determine what shall constitute evidence in the courts of North Dakota, and the further question as to the legality of the revocation of license because it was stipulated that the petitioner was tried for the offense of operating a motor vehicle while under the influence of intoxicating liquor and acquitted.

As a result of his deliberations, the trial court reached the final conclusion:

" * * * that the plaintiff is as a matter of law entitled to keep his driver's license and privilege and the same should not be revoked or interfered with on account of his refusal to submit to the breath test asked of him on September 17, 1961, * * * "

and that the order of revocation of the plaintiff's driver's license issued by the defendants on September 20, 1961, should be declared void.

According to the stipulation and the affidavit of the arresting officer, the respondent McDonald was requested to submit to a chemical test of his breath. The trial court took judicial notice of the fact that the Harger Drunkometer is a device for giving a breath test. Section 39–20–07, Subsection 5, N.D.C.C., provides:

"The results of a test given by means of the Harger drunkometer or other similar device approved by the American medical association and the national safety council shall be received in evidence when it is shown that the test was fairly administered."

The argument is made and was accepted as valid by the trial court that the subsection makes the admissibility in evidence of the result of the test dependent upon approval by the American Medical Association and the National Safety Council of the Harger Drunkometer or other similar device and that such provision is an unconstitutional delegation of power to a nongovernmental agency. We do not agree with that interpretation of the statute. Our determination is that the statute itself constitutes a legislative approval of the Harger Drunkometer as a testing device, and that it is only when another similar device is sought to be used that approval of the American Medical Association and the National Safety Council is required. The use of the Harger Drunkometer needs no other approval than that given by the Legislature in the statute. In this case the stipulation does not disclose that the use of a similar device and not the Harger Drunkometer was intended or proposed.

Therefore, the attempted constitutional attack failed as an issue before the court because no constitutional issue was presented by the stipulated facts.

 In the recent case of Colling v. Hjelle, N.D., 125 N.W.2d 453, this Court held that a lawful arrest was a condition pecedent to the right of an officer to demand that a motorist submit to a chemical test prescribed by the Implied Consent Law, Chapter 39–20, N.D.C.C. It was further held that where a purported arrest is made without a warrant for the misdemeanor of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor and it is established by an acquittal that the crime charged had not been committed, the arrest is illegal and the highway commissioner or his authorized agent is without authority to revoke the operator's license on the ground that the operator refused to submit to a chemical test as provided by Chapter 39–20, N.D.C.C.

In this case it is stipulated that the petitioner was tried and acquitted. The affidavit of the arresting officer which is attached to and made a part of the stipulation recites in some detail the circumstances of the arrest and leaves no room for doubt that the arrest was made without a warrant. Thus it appears that under the rule of Colling v. Hjelle, above stated, there was no lawful arrest and that the order revoking the petitioner's license is void. The judgment is therefore affirmed.

TEIGEN, BURKE and ERICKSTAD, JJ., concur.

STRUTZ, J., did not participate.

ERICKSTAD, Judge (concurring).

Without altering views expressed in the dissent in Colling v. Hjelle, N.D., 125 N.W. 2d 453, I concur with the majority of the Court in this decision.

The only evidence concerning the circumstances surrounding the petitioner's arrest is contained in the affidavit of the arresting officer which was filed with the Director of Safety Responsibility for the State of North Dakota. The affidavit does not disclose that the arresting officer had reasonable grounds to believe that the offense of driving or being in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor had been committed by the petitioner.