## STATE DEPARTMENT OF HIGHWAYS v. LEO J. STYRBICKI.

169 N. W. (2d) 225.

June 20, 1969—No. 41370.

*Douglas M. Head,* Attorney General, *Donn D. Christensen, Douglas W. Thomson* and *John R. Wylde, Jr.,* for appellant.
Deputy Attorney General, *Richard H. Kyle,* Solicitor General, and *John R. Murphy* and *Charles R. Hall,* Special Assistant Attorneys General, for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court sustaining an order of license revocation issued by the commissioner of highways.

Defendant was arrested on June 8, 1967, for an alleged violation of Minn. St. 169.121 (driving while under the influence of

alcoholic beverages). The arresting officer requested him to submit to a chemical test of his blood, but he refused to do so.

On July 17, 1967, the Minnesota Department of Highways informed defendant of its intention to revoke his license to drive pursuant to § 169.123, subd. 4, on the ground that at a time when he was lawfully under arrest for an alleged violation of § 169.121 he refused to permit chemical testing to determine the alcoholic content of his blood. Defendant demanded a hearing pursuant to § 169.123, subd. 5. A hearing was held on August 16, 1967, in the municipal court of the city of Hastings, and that court issued an order on October 6 sustaining the order of revocation of the commissioner of highways. Defendant then filed a petition for a hearing de novo in the District Court of Dakota County pursuant to § 169.123, subd. 7.

On October 25, 1967, a jury found defendant not guilty of violating § 169.121.

On March 5, 1968, the hearing was held in the district court to review the October license-revocation order of the municipal court. At the hearing, defendant admitted that the arresting officer had complied with all statutory conditions precedent to requesting a chemical test. However, defendant moved for dismissal of the district court proceeding on the ground that acquittal of the charge of driving while under the influence of an alcoholic beverage established as a matter of law that there was no probable cause for the arrest. The appeal questions the order of the district court denying this motion.

The issue is whether acquittal by a court or jury on a charge of driving while under the influence of an alcoholic beverage renders the initial arrest unlawful and thereby bars revocation under § 169.123.

Minn. St. 169.123, subd. 2, provides:

"Any person who drives or operates a motor vehicle upon the public highways of this state shall be deemed to have given consent * * * to a chemical test of his blood, breath, or urine for

the purpose of determining the alcoholic content of his blood. The test shall be administered at the direction of a peace officer, when (1) the officer has reasonable and probable grounds to believe that a person was driving or operating a motor vehicle while said person was under the influence of an alcoholic beverage, and (2) the said person has been lawfully placed under arrest for alleged commission of the said described offense in violation of Minnesota Statutes, Section 169.121, or an ordinance in conformity therewith. No action shall be taken hereunder against the said person unless the two enumerated conditions existed at the time the officer requested the chemical test specimen. Any person may decline to take a direct blood test and elect to take either a breath, or urine test, whichever is available, in lieu thereof, and either a breath or urine test shall be made available to the arrested person who makes such an election. No action shall be taken against the person for declining to take a direct blood test unless either a breath, or urine test was available. At the time the peace officer requests such chemical test specimen, he shall inform the arrested person that his right to drive may be revoked or denied if he refuses to permit the test and that he has the right to have additional tests made by a person of his own choosing."

Under this statute, two conditions must exist at the time an arresting officer requests a person to submit to chemical tests: (1) The officer must have *reasonable and probable* grounds to believe a person was driving while intoxicated, and (2) the accused must have been lawfully placed under arrest.

Defendant contends that because he was acquitted of the substantive offense, the initial arrest was not "lawfully" made as that term is used in § 169.123, subd. 2. We reject this contention. It is true that without a warrant a peace officer can arrest for a misdemeanor only if it is committed in his presence.[1] However, in Smith v. Hubbard, 253 Minn. 215, 222, 91 N.W. (2d) 756, 763, we held that a misdemeanor is committed in the presence of an

---

[1]Minn. St. 629.34(1).

officer if he has made observations giving reasonable grounds for believing that the defendant has violated the law in his presence:

"Therefore all that is required of an officer is that he see the acts and from them infer that they are sufficient to constitute the offense. Upon this reasoning it has been held that a peace officer without a warrant may arrest a person when the latter merely gives the appearance of being intoxicated even though it is subsequently learned that he is not. * * *

* * * * *

"* * * The rule applies even where the alleged violator is subsequently acquitted in a traffic court, for that is of no consequence in so far as the validity of the arrest itself is concerned."

Other courts have also held that the fact that a person may have been acquitted of the offense of driving while intoxicated does not preclude an administrative hearing to determine if his driving privileges should be withdrawn for his refusal to submit to a chemical test to determine the alcoholic content of his blood.[2] The North Dakota decisions of McDonald v. Ferguson, 129 N. W. (2d) 348, and Colling v. Hjelle, 125 N. W. (2d) 453, may be distinguished in that the North Dakota court construed the implied-consent statute of that state as demanding the actual commission of the crime of driving while intoxicated as the prerequisite to a valid request to submit to chemical testing, whereas the Minnesota statute requires only that the arresting officer have "reasonable and probable grounds" for believing a person was driving while intoxicated.

Our interpretation of § 169.123 and the authority given by this statute to the highway commissioner is consistent with Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1826, 16 L. ed.

---

[2] See, Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N. W. (2d) 75, 88 A. L. R. (2d) 1055; Matter of Combes v. Kelly, 2 Misc. (2d) 491, 152 N. Y. S. (2d) 934; Matter of Anderson v. Macduff, 208 Misc. 271, 143 N. Y. S. (2d) 257. See, also, Annotation, 88 A. L. R. (2d) 1064, 1076.

(2d) 908, where the United States Supreme Court held that taking blood for an alcohol-content test was permissible and not unconstitutional where there was reasonable cause for the police officer to arrest a person for driving while intoxicated.

The record does not establish a clear discriminatory course of prosecution by the state which would justify voiding the order of revocation.

Affirmed.