## STATE DEPARTMENT OF HIGHWAYS v. GERALD EDGAR OLSEN.

169 N. W. (2d) 227.

June 20, 1969—No. 41555.

*Douglas W. Thomson* and *John R. Wylde, Jr.*, for appellant.
*Douglas M. Head*, Attorney General, and *John Murphy* and

*Charles Hall,* Special Assistant Attorneys General, for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court sustaining an order of license revocation issued by the commissioner of highways.

On October 29, 1966, defendant was arrested and charged with violation of Minn. St. 169.121 (driving while under the influence of an alcoholic beverage). He refused to submit to a chemical test to determine the alcoholic content of his blood.

On November 1, 1966, he entered a plea of not guilty. On November 28, 1966, he received a notice of revocation of his driver's license from the Department of Highways, pursuant to § 169.123. A hearing was requested by defendant and was held in municipal court on January 24, 1967. That court, by order dated February 9, 1967, sustained the order of revocation.

On February 16, 1967, the driving-while-under-the-influence charge was reduced to careless driving, to which defendant pleaded guilty.

Defendant appealed the municipal court order of February 9, 1967, to the district court. On July 11, 1968, an order of the district court denied defendant's motion to dismiss the district court proceeding on the grounds that a subsequent dismissal of the charge of driving under the influence of an alcoholic beverage establishes an unlawful arrest as a matter of law. This appeal questions that order.

For the reasons given in State Department of Highways v. Styrbicki, 284 Minn. 18, 169 N. W. (2d) 225, we affirm and hold that a subsequent dismissal of the charge of driving while under the influence of an alcoholic beverage does not establish an unlawful arrest as a matter of law.

Affirmed.