## STATE, DEPARTMENT OF PUBLIC SAFETY, v. PHILLIP EARL HOUSE.

192 N. W. (2d) 93.

November 19, 1971—No. 42908.

*Warren Spannaus*, Attorney General, *James M. Kelley*, Assistant Attorney General, and *Frederick S. Suhler, Jr.*, Special Assistant Attorney General, for appellant.

*Clinton W. Wyant*, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ.

MURPHY, JUSTICE.

The State of Minnesota, Department of Public Safety, appeals from an order of the Aitkin County probate court, municipal court division, dismissing with prejudice proceedings for revocation of a driver's license pursuant to Minn. St. 169.123, subd. 6. The court dismissed the proceedings on the asserted ground that defendant had entered a plea of guilty in a prosecution of the

criminal phase of the matter (careless driving and disorderly conduct) pursuant to an agreement with the county attorney that civil sanctions, by way of revocation of license, would be waived.

The details of the asserted plea-bargaining arrangement do not clearly appear from the record. Assuming, however, that there was an actual agreement, as the trial court indicates, that the plea was received on condition that there would be no proceedings to revoke the license, we hold that such agreement and approval thereof by the court is without force or effect. A hearing pursuant to § 169.123, subd. 6, is civil rather than criminal in nature. State, Department of Highways, v. Normandin, 284 Minn. 24, 169 N. W. 2d 222 (1969). The ultimate disposition of any criminal charge placed against an individual prior to his refusal to permit chemical testing does not dispose of the proceedings under § 169.123, subd. 6. We have held that acquittal of the criminal charge of driving under the influence of alcohol does not, as a matter of law, render a driver's arrest unlawful and thus dispose of the charge under the implied-consent law. State, Department of Highways, v. Styrbicki, 284 Minn. 18, 169 N. W. 2d 225 (1969); State, Department of Highways, v. Olsen, 284 Minn. 22, 169 N. W. 2d 227 (1969).

The criminal and civil proceedings growing out of the alleged operation of a motor vehicle while under the influence of alcohol are related only to the extent that they both generally grow out of the same set of facts. However, the parties to the proceedings are not the same. The criminal proceeding is brought by the State of Minnesota against the individual charged. In that proceeding the state is represented by the county attorney, whose duties are made clear by Minn. St. 388.05. That statute says that the county attorney shall represent the county in all cases in which the county is a party, advise county officers, and handle all criminal matters within the county. No authority is given for the county attorney to deal with civil cases in which the state, rather than the county, is a party. The attorney general, by Minn. St. 8.06,

is empowered to act as the attorney for all state officers, boards, and commissions, and that includes the Department of Public Safety. When requested by the attorney general, the county attorney shall act in behalf of such officials. § 8.06. But no request was made here, and, consequently, no authority was given to the county attorney to drop the implied-consent charge in behalf of the Department of Public Safety. In proceedings pursuant to § 169.123, subd. 6, the commissioner of public safety, individually, is a party, and the hearing relates to the exercise of his statutory duties. His attorney for this purpose is the attorney general and not the county attorney. § 8.06.

The state has no quarrel with the proposition that the county attorney must use his best judgment in disposing of cases for which he has the responsibility of prosecution. As we have already indicated, in the absence of specific authorization, this responsibility does not extend to civil matters in which the county is not a party. We accordingly hold that the county attorney acted beyond his authority in attempting to bargain for dismissal of these proceedings, the responsibility for which is vested in the commissioner of public safety. § 169.123, subd. 6.

The order is accordingly reversed and the case remanded for further hearing as provided by § 169.123, subd. 6.