**STATE OF MINNESOTA, CITY OF BURNSVILLE, Appellant,**

**v.**

**Eugene JUAREZ, Respondent.**

**No. C7–83–1421.**

Court of Appeals of Minnesota.

March 21, 1984.

Robert R. King, Grannis, Grannis, Campbell & Farrell, P.A., South St. Paul, for appellant.

George O. Ludcke, III, Best & Flanagan, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, amici curiae.

Considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from a pretrial order of the Dakota County Court suppressing the results of a breathalyzer test in a prosecution for driving while intoxicated (DWI) under Minn.Stat. § 169.121 (1982). The court held that collateral estoppel applied where the test results were suppressed in a prior ruling pursuant to Minn.Stat. § 169.-123 (1982), the Implied Consent law. We reverse.

## FACTS

Eugene Juarez was charged in Burnsville, Dakota County, on May 15, 1983 with driving while under the influence of alcohol, Minn.Stat. § 169.121 (1982), and driving with an alcohol concentration of over .10%, Minn.Stat. § 169.123 (1982). A civil implied consent hearing was held on June 30, 1983. The court found that the officer lacked reasonable and probable cause to administer the breathalyzer test and suppressed the test results. The case was dismissed without appeal.

The criminal jury trial was scheduled for September 19, 1983. The City of Burnsville served Juarez with a Rasmussen Notice on September 12, 1983. On September 13, 1983, Juarez moved for the suppression of all evidence set forth in the Rasmussen Notice, including the breathalyzer test results. The trial court granted the motion at a pretrial hearing, holding that the City of Burnsville was collaterally estopped from introducing the test results due to the prior ruling in the implied consent hearing.

## ISSUE

In a criminal DWI proceeding, is the "State of Minnesota, City of Burnsville" collaterally estopped from relitigating an identical issue decided adversely to the Commissioner of Public Safety in a civil proceeding under the implied consent statute?

## ANALYSIS

The application of collateral estoppel is appropriate where:
(1) the issue was identical to one in a prior adjudication;
(2) there was a final judgment on the merits;
(3) the estopped party was a party or in privity with a party to the prior adjudication; and
(4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Willems v. Commissioner of Pub. Safety*, 333 N.W.2d 619, 621 (Minn.1983). The State of Minnesota, City of Burnsville argues that it was neither a party nor in privity with a party to the implied consent hearing. We agree.

In the implied consent hearing, it is the Commissioner of Public Safety who is the party to the proceeding. Minn.Stat. § 169.123(5c) (1982); *State, Dep't of Pub. Safety v. House*, 291 Minn. 424, 425–26, 192 N.W.2d 93, 95 (1971). In the DWI proceeding, it is the prosecuting attorney in the jurisdiction where the offense occurred who brings the charge on behalf of the State of Minnesota. *See* Minn.Stat. § 169.-121(3) (Supp.1983); *House*, 291 Minn. at 425–26, 192 N.W.2d at 95.

The court in *House* held that the two proceedings "are related only to the extent that they both generally grow out of the same set of facts. However, the parties to the proceeding are not the same." *House*, 291 Minn. at 425, 192 N.W.2d at 95. Clearly, the State of Minnesota, City of Burnsville is not the same party as the Commissioner of Public Safety.

There is no prevailing definition of privity which can be automatically applied. *Margo-Kraft Distribs. Inc. v. Minneapolis Gas Co.*, 294 Minn. 274, 278, 200 N.W.2d 45, 47 (1972). The court must carefully examine the circumstances of each case. *Id.* The *Margo* court stated that persons

who are not parties may be in "privity" to an action where they are connected with it in that their "interests are affected by the judgment with reference to interests involved in the action, as if they were parties." *Id.* (quoting Restatement of Judgments, § 83 comment a). Examples include "those who control an action although not parties to it ...; [and] those whose interests are represented by a party to the action...." *Id.* 294 Minn. at 278, 200 N.W.2d at 47–48.

Here, there is nothing in the record to show that the City of Burnsville controlled the implied consent hearing. The City of Burnsville was not even represented at the implied consent hearing. *See* Minn.Stat. § 169.123(6) (Supp.1983).

The commissioner and the City of Burnsville do have the same general interests in upholding the admissibility of the breathalyzer test. However, the two proceedings are different and require different interests to be represented. The Minnesota Supreme Court said:

> We feel it important to again emphasize the essential differences between license revocation under 169.121, subd. 3, and license revocation under 169.123, subd. 4. The former is automatically imposed as a *criminal* penalty upon conviction of a § 169.121 violation. It is triggered by the outcome of the criminal proceeding and is imposed through the judicial system.... On the other hand, revocation under the [I]mplied-consent law is essentially *civil* in nature. It is imposed administratively by the commissioner of public safety regardless of the outcome of the criminal proceeding arising out of the same incident and is triggered by the refusal to submit to chemical testing.

*State, Dep't of Pub. Safety v. Mulvihill,* 303 Minn. 361, 368, 227 N.W.2d 813, 817–18 (1975) (emphasis in original).

The State of Minnesota, City of Burnsville is not in privity with the Commissioner of Public Safety in the implied consent hearing. The third requirement in the test to determine the applicability of collateral estoppel as set forth in *Willems* is not present. Collateral estoppel should not have been applied. Were this court to reach the fourth requirement for collateral estoppel, it is clear that the City of Burnsville has not been given any opportunity to be heard, let alone a full and fair opportunity.

## DECISION

The order of the Dakota County Court is reversed. Collateral estoppel is not applicable here where the City of Burnsville and the Commissioner of Public Safety are not the same parties and are not in privity. The case is remanded to the Dakota County Court for a pretrial evidentiary hearing on the merits.

Reversed and remanded.