Gary R. VIRSEN, Appellant,

v.

ROSSO, BEUTEL, JOHNSON, ROSSO &
EBERSOLD, a partnership, et al.,
Respondents.

No. CX–84–32.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Andre J. Zdrazil, St. Paul, for appellant.

John M. Anderson, Bassford, Heckt, Lockhart & Mullin, Minneapolis, for respondents.

Heard, considered and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment dismissing the appellant's complaint against the respondents for legal malpractice. We reverse and remand.

## FACTS

In 1979 the respondent law firm, and in particular J. Michael Rosso, Esq., commenced an action on behalf of the appellant Gary Virsen against one Gary K. Wold, a former business associate of the appellant, alleging wrongful conversion of property. Wold interposed a counterclaim and the matter was eventually settled for $2,000.00. The appellant accepted the settlement at a conference held in the presence of the Hon. Harold Kalina, Judge of Hennepin County Court.

Respondent J. Michael Rosso subsequently commenced an action in conciliation court against the appellant to collect an additional $740 in attorneys' fees. (The entire $2,000.00 settlement had already been paid to the respondent as attorneys' fees.) The appellant filed a counterclaim, stating that he believed the respondent had been negligent and that he was seeking an attorney to file a malpractice claim against the respondent. Judgment was entered against the appellant and he removed the action to Hennepin County Municipal Court, where he again filed a counterclaim alleging negligent misrepresentation. That counterclaim was dismissed prior to trial, and judgment was again entered against the appellant for the amount of the attorneys' fees.

The present lawsuit against the respondents for legal malpractice was commenced by the appellant in May, 1982. The respondents moved for summary judgment, alleging that this action was barred by principles of equitable and collateral estoppel. The trial court granted the respondents' motion, and dismissed the appellant's claim.

## ISSUES

1. Whether the respondents adequately demonstrated in their motion for summary judgment that no genuine issues of material fact existed regarding the alleged malpractice.

2. Whether this legal malpractice action is barred by principles of equitable estoppel because the appellant agreed to the settlement recommended by his attorney.

3. Whether this action is barred by principles of collateral estoppel because the issue of the respondent's negligence was

raised by the appellant in previous conciliation and municipal court actions.

## ANALYSIS

### 1. *Summary judgment/factual issues.*

■ Rule 56 Minn.R.Civ.P. provides that a party may move for summary judgment, alleging that no genuine issues of material fact exist requiring resolution by the trier of fact. Once the moving party submits affidavits indicating that there are no factual issues in dispute, the burden is on the nonmoving party to produce facts establishing that genuine issues of fact do exist. *Ahlm v. Rooney*, 274 Minn. 259, 143 N.W.2d 65 (1966). The nonmoving party may not rest upon the averments in his pleadings, but must present specific facts demonstrating that there is a genuine issue requiring trial. *County of Hennepin v. Mikulay*, 292 Minn. 200, 194 N.W.2d 259 (1972). If he fails to do so, summary judgment, if appropriate, must be entered against him.

■ In their brief to this Court the respondents argue that their preparation of the appellant's case against Wold did not deviate from the standard of work which would have been performed by a reasonable practitioner under the circumstances. This argument alleges the absence of a factual dispute concerning the appellant's claim for legal malpractice and, if raised in affidavits below, would have placed upon the appellant the burden of demonstrating specific facts in support of his claim of malpractice. The respondents, however, did not assert any facts in their supporting affidavit which would demonstrate an absence of a factual dispute, but rather based their motion for summary judgment entirely upon legal issues of equitable and collateral estoppel. Because this court may not consider issues which are raised for the first time upon appeal, *Thayer v. American Financial Advisers, Inc.*, 322 N.W.2d 599 (Minn.1982); *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63 (Minn.1979), we cannot determine at this point whether or not the appellant will be able to establish a valid factual issue regarding the respondents' alleged malpractice.

### 2. *Equitable estoppel.*

■ The respondents allege that the appellant should be equitably estopped from bringing this action for legal malpractice since he had previously agreed in open court to accept the settlement which respondent Rosso had recommended. The respondents argue that where a party accepts the benefits of a disposition he cannot later contest the sufficiency of those benefits. The respondents' position, however, fails to distinguish between cases where a party is simply claiming that a settlement was inequitable, and cases such as this one for legal malpractice which allege reliance upon negligent conduct of an attorney. Contrary to the respondents' reasoning, the present legal malpractice action is not an action to vacate, revive or set aside the settlement with Wold, but rather, is an independent action against respondent Rosso sounding in negligence. A legal malpractice action is a claim against an attorney for liability "unique to and arising out of the rendition of professional services." R. Mallen and V. Levit, *Legal Malpractice* § 1 at 3 (2d ed. 1981). Although the underlying claim upon which the legal malpractice action is based must be examined to ascertain whether the respondent-attorney did indeed breach an alleged duty to his client, the prayer for relief in this action is against the attorney and not against the settlement itself or the parties thereto.

The elements of this claim against an attorney for malpractice are found in *Christy v. Saliterman*, 288 Minn. 144, 150, 179 N.W.2d 288, 293–294 (1970):

> In an action against an attorney for negligence or breach of contract, the client has the burden of proving the existence of the relationship of attorney and client; the acts constituting the alleged negligence or breach of contract; that it was the proximate cause of the damage; and that but for such negligence or breach of contract the client would have been successful in the prosecution or defense of

the action. * * * Once it has been established that the relationship of attorney and client exists and that plaintiff has sustained damages by reason of the attorney's negligence or breach of contract, the right to recover is established. A plaintiff must demonstrate that the attorney rendered legal advice "under circumstances which made it reasonably foreseeable to the attorney that if such advice was rendered negligently, the individual receiving the advice might be injured thereby." *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 693, n. 4 (Minn. 1980). As noted by one commentator,

> Under general principles of tort law, the lawyer has a duty not to act negligently when others may be injured by his negligence. When his advice is sought, the lawyer is not unlike the driver of a car who is under a duty not to create an unreasonable risk of harm to others by driving negligently. Like the driver, the lawyer's duty does not arise from a contract, but from the traditional tort principle that a duty of care is created whenever a person engages in conduct that may create an unreasonable risk of harm to others.

63 Minn.L.Rev. 751, 758 (1979). (Footnotes omitted.)

It is not the appellant's position that he has a cause of action against the respondents simply because a jury would have awarded him more than the settlement; rather, he claims that he agreed to the settlement under pressure from respondent Rosso, who had inadequately represented his interests during the entire pre-settlement process. Specifically, the appellant alleges that respondent Rosso modified his complaint against Wold by eliminating his prayer for punitive damages without notifying or consulting with him. He also claims that respondent Rosso failed to engage in reasonable and prudent discovery and investigation. Finally, the appellant argues, respondent Rosso failed to advise him of the progress of his lawsuit and urged him to settle with no informed or intelligent basis for that advice.

The trial court determined that the appellant's action should be dismissed solely because he had agreed to the settlement. The above analysis and caselaw indicate that the trial court's decision was incorrect.

### 3. *Collateral estoppel.*

In their motion for summary judgment the respondents also raised the claim that the appellant's action should be dismissed on the basis of collateral estoppel. This court has recently noted that "[t]he application of collateral estoppel is appropriate where:

(1) the issue was identical to one in a prior adjudication;

(2) there was a final judgment on the merits;

(3) the estopped party was a party or in privity with a party to the prior adjudication; and

(4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue."

*State of Minnesota, City of Burnsville v. Juarez*, 345 N.W.2d 801, 802 (Minn.Ct.App. 1984), *citing Willems v. Commissioner of Pub. Safety*, 333 N.W.2d 619, 621 (Minn. 1983). The respondents argue that this doctrine is applicable here because the issue of respondent Rosso's negligence was already raised as a defense to his collection actions in conciliation and municipal courts. The trial court limited its discussion concerning this argument to the following remarks:

> * * * Further, he could have removed his case as a defendant from either the municipal or conciliation court by indicating that he wished to interpose a counterclaim for legal malpractice.
>
> The law favors all aspects of a particular controversy being disposed of in one action rather than in a multiple number of actions. It appears, whether plaintiff had the benefit of counsel or not, that he has both by way of approving the settlement and by way of collateral estoppel presented the Court with a situation

where the obvious and only answer is summary judgment in favor of the defendants.

The above language does not support a finding of collateral estoppel, since that doctrine, as described in *Juarez*, requires that the issue have been actually litigated. In the words of *Juarez*, the appellant must have previously had a "full and fair opportunity to be heard on the adjudicated issue." *Id.*, at 802. It is clear from the arguments of both parties that in the municipal court action by respondent Rosso to collect his attorneys' fees the appellant, at the request of the presiding judge, withdrew his counterclaim for negligence before the trial began. However, the respondents nonetheless allege that the appellant fully presented this issue to the jury for consideration. Respondents allege also that the issue was presented at the conciliation court level. Although both parties have filed affidavits concerning what happened at those proceedings, neither has submitted a transcript of the municipal court proceedings.

 A party invoking the defense of collateral estoppel has the burden of proof. *Brooks Realty, Inc. v. Aetna Insurance Co.*, 268 Minn. 122, 125, 128 N.W.2d 151, 153 (1964); *Wolfson v. Northern States Management Co.*, 221 Minn. 474, 479, 22 N.W.2d 545, 548 (1946). The Minnesota Supreme Court has stated:

> The defense of res judicata through estoppel by verdict [collateral estoppel] is to be allowed with caution, and it must rest upon a more solid basis than mere speculation as to what was actually adjudicated in the prior action.
>
> \* \* \* \* \* \*
>
> There can be no estoppel where there is a reasonable doubt as to whether a fact was actually adjudicated.

*Wolfson*, at 479, 22 N.W.2d at 548. In the present situation the respondents supplied the trial court with an affidavit by respondent Rosso stating that although the appellant dismissed his counterclaim in municipal court he attempted to defend on the ground of attorney negligence. However, the appellant also filed an affidavit with the trial court, which states that this issue was not previously litigated. Neither the conciliation court judgment nor the municipal court's Findings of Fact, Conclusions of Law, and Order for Judgment make any reference to the appellant's malpractice claim. In addition, as noted above, no record of those proceedings has been supplied by the respondent. Thus, it appears that the respondents have not met their burden of proving that the issue of their alleged malpractice was previously litigated.

### DECISION

The trial court's order granting the respondent's motion for summary judgment and dismissing the appellant's claim for legal malpractice is reversed and the action is remanded.