**OAKES & KANATZ, Respondents,**

v.

**Romana L. SCHMIDT, Appellant.**

**No. CO–85–1829.**

Court of Appeals of Minnesota.

July 29, 1986.

Peter A. Bologna, Murnane, Conlin, White, Brandt & Hoffman, Saint Paul, for respondents.

M. Guy Ross, Limited Income Legal Assistance, Minneapolis, for appellant.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

Romana Schmidt appeals from judgment entered against her for attorney's fees and summary judgment against her on her counterclaim alleging negligent practice of law. She does not dispute the judgment against her for attorney's fees, but appeals from the final judgment because this court dismissed a prior appeal from the summary judgment only as taken from a partial summary judgment.

Oakes & Kanatz, the respondent, moves to dismiss for Schmidt's failure to provide an approved statement of the proceedings. We deny the motion because the record is adequate to review the issue raised on this

appeal, namely whether the trial court erred in granting summary judgment.[1]

## FACTS

Schmidt alleges negligent practice of law in her dissolution action because (1) Oakes & Kanatz did not adequately prepare for a pretrial conference at which a final settlement was negotiated and read into the record; (2) the law firm did not obtain a valuation of the homestead, the major marital asset; (3) the law firm did not prepare her for the pretrial conference because it did not explain to her that a final settlement could be reached at the conference and did not explain to her the consequences of the settlement ultimately reached; (4) Schmidt did not understand the settlement agreement or its consequences; (5) the law firm intimidated her into agreeing to the settlement, which awarded her less than one-half the marital assets; and (6) the law firm failed to preserve her nonmarital interest in the homestead.

Oakes & Kanatz relies on Schmidt's statements at the hearing where the settlement was read into the record:

MS. OAKES: Ms. Schmidt, you heard the stipulation as it has been recited into the record by Mr. Nelson. Did you understand the recitation?

MS. SCHMIDT: Yes.

MS. OAKES: You and I have discussed the terms of the agreement?

MS. SCHMIDT: Yes.

MS. OAKES: And do you agree that the stipulation as recited into the record is agreeable to you?

MS. SCHMIDT: Yes.

Oakes & Kanatz submitted no affidavits in support of its motion for summary judgment.

Schmidt relies on her affidavit, which states:

[T]he details and implications of the property settlement were never fully explained by [Oakes & Kanatz] to

1. We note that the two trial court judges did submit their own approved statement of the proceedings. *See* Minn.R.Civ.App.P. 110.03.

[Schmidt]. * * * Affiant was told that she had no choice but to agree. * * * [I]t was only as a consequence of this pressure applied by [Oakes & Kanatz], that affiant agreed to allow the unexplained, non-understood agreement to stand. * * * Affiant was denied the opportunity to enter into the "Stipulation" of the dissolution in an advised and uncoerced manner.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

Oakes & Kanatz argues that Schmidt is estopped from claiming that she was not adequately advised and did not understand the settlement by her previously quoted testimony that she did understand the settlement. Oakes & Kanatz relies on *Peterson v. American Family Mutual Insurance Co.*, 280 Minn. 482, 160 N.W.2d 541 (1968). There an assignee of an insured motorist sued the insurer to recover the amount of a verdict in excess of the policy limits, claiming that the insurer refused to settle a claim within the policy limits in bad faith. The assignee was also the plaintiff in the original action and took an assignment of the insured's cause of action from the trustee in bankruptcy proceedings instituted by the insured.

The insured testified at bankruptcy proceedings that he thought he was not in the wrong and was sure he could recover on his counterclaim. Prior to trial the insurance company advised the insured of an offer to settle within the policy limits. He was warned that if he lost the case there might be a large judgment against him for more than his insurance coverage. He refused to settle, stating that the insurance company should not pay the plaintiff any money because of the accident:

They wanted me to sign an agreement to a lawsuit on my own insurance company and I disagreed to do it because I had no feeling I was in the wrong in this

accident and the insurance company should not have been liable.

*Peterson*, 280 Minn. at 485, 160 N.W.2d at 543. The court held that the insured was laboring under a misapprehension of the facts, the testimony which he previously gave is now binding on him and his assignees. *Id.* at 488, 160 N.W.2d at 545. This case is distinguishable from *Peterson* because Schmidt has presented evidence that she was misled with respect to the significance of the proposed settlement and did not understand the settlement.

We reverse because the trial court made the same error of law that we addressed in *Virsen v. Rosso, Beutel, Johnson, Rosso & Ebersold*, 356 N.W.2d 333 (Minn.Ct.App. 1984). *Virsen* reversed summary judgment in favor of a law firm sued for malpractice. The plaintiff claimed that the law firm had been negligent in settling a suit against a former business associate of the plaintiff. The plaintiff had accepted the settlement at a conference held in the presence of a judge. The trial court dismissed the action solely because the plaintiff had agreed to the settlement. This court rejected this reasoning, noting that the plaintiff claimed that "he agreed to the settlement under pressure from [the law firm], [which] had inadequately represented his interests during the entire pre-settlement process." *Virsen*, 356 N.W.2d at 336. We also noted that the plaintiff claimed that "[the law firm] failed to engage in reasonable and prudent discovery and investigation." *Id.* This court determined that the trial court erroneously accepted the law firm's argument that the plaintiff's action was one to vacate or set aside the settlement. This court reasoned that this position

fails to distinguish between cases where a party is simply claiming that a settlement was inequitable, and cases such as this one for legal malpractice which allege reliance upon negligent conduct of an attorney. * * * [T]he prayer for relief in this action is against the attorney

and not against the settlement itself or the parties thereto.

*Id.* at 335.

Here, the trial court similarly misinterpreted the negligence action as an attack on the negotiated judgment and decree:

> [I]t would appear that [Schmidt's] counterclaim is an attempt to collaterally attack the decree and judgment properly entered in her dissolution.
>
> [Schmidt] is therefore estopped from asserting her counterclaim * * *.

The trial court erred when granting summary judgment because there are several issues of material fact raised by Schmidt. *See* Minn.R.Civ.P. 56.03; *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979) (on appeal from summary judgment, appellate court must determine whether the trial court erred in its application of the law). Among the issues of fact to be tried are (1) whether or not Oakes & Kanatz failed to explain the settlement agreement to Schmidt; (2) whether the failure to explain was negligent; (3) whether Oakes & Kanatz coerced Schmidt into agreeing to the settlement; (4) whether Oakes & Kanatz obtained a valuation of the homestead; (5) whether any such failure was negligent; (6) causation; and (7) damages. *See Christy v. Saliterman*, 288 Minn. 144, 150, 179 N.W.2d 288, 293–94 (1970).

### DECISION

The trial court erred in granting summary judgment for respondent. Respondent's motion to dismiss is denied.

Reversed.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent. I would have affirmed the trial court's grant of summary judgment to respondents.

The case involves after-the-fact allegations by a client. There had been a completed dissolution pursuant to stipulated terms agreed to in open court, and later appellant expressed dissatisfaction with the economics of her settlement. The allegations are general in nature, basically revolving around a claim that appellant should have received more from the stipulated settlement.

The elements of negligent practice of law are stated in *Christy v. Saliterman*, 288 Minn. 144, 150, 179 N.W.2d 288, 293–94 (1970):

> [T]he client has the burden of proving the existence of the relationship of attorney and client; the acts constituting the alleged negligence * * *; that it was the proximate cause of the damage; and that but for such negligence * * * the client would have been successful in the prosecution or defense of the action.

The existence of an attorney/client relationship was not in dispute and appellant did make claims constituting the alleged negligence. However, the record shows no genuine specifics alleged by appellant concerning (1) proximate cause; (2) that but for the claimed negligence, appellant would have received more; and (3) that appellant would have been more successful by further negotiations or a trial.

Further, although not essential to defeat the motion for summary judgment, expert testimony in a legal malpractice case is important and appellant offered no expert testimony that respondent acted improvidently.

What record there is was thoroughly reviewed by a trial court cognizant of the claims and counterclaims. I find nothing in the record convincing me to reverse the trial court's summary judgment on the merits of appellant's claim.