**Gregory John GERNES,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C9-88-1066.**

Court of Appeals of Minnesota.

Nov. 15, 1988.

Steven R. Peloquin, Streater, Murphy, Gernander & Forsythe, Winona, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and RANDALL and BOWEN, JJ.*

## OPINION

PARKER, Judge.

Respondent Gregory Gernes was arrested for driving while under the influence and refused to submit to breath testing. His license was revoked for one year and he petitioned for judicial review. The trial court ordered the period of revocation reduced to 30 days. The Commissioner of Public Safety appeals. Gernes advised the court that he would not appear by written or oral argument, and this matter proceeds pursuant to Minn.R.Civ.App.P. 142.03.

## FACTS

Gernes was arrested for DWI on February 1, 1988. He did not provide a breath sample to determine his alcohol concentration. At the time of his arrest, he gave no indication of any intention to enter a guilty plea to the DWI charge or to any other charge. Gernes' driver's license was revoked for refusal pursuant to the implied consent law.

At the time of the implied consent hearing, Gernes had not been charged with DWI, but was charged with felony possession of a controlled substance. Minn.Stat.

§ 152.09 (1986). He entered a plea of guilty to this charge at his first opportunity. Had Gernes been charged with DWI and pled guilty to that charge at the first opportunity, he would normally have been subjected to a driver's license revocation for only 30 days, as a first-time DWI offender, pursuant to a policy adopted by the Commissioner of Public Safety.

The trial court concluded that Gernes was entitled to the benefit of the procedure that a first-time DWI offender would receive. It ordered the period of revocation reduced to 30 days. The Commissioner of Public Safety appeals.

## ISSUE

In a proceeding under Minn.Stat. § 169.123, subd. 6 (1986), may the trial court order the driver's one-year revocation for refusal reduced to 30 days upon a plea of guilty to a non-traffic offense which does not appear on the driving record and does not result in any driver licensing action?

## DISCUSSION

The Commissioner has a policy of revoking for 30 days the driver's license of those who plead guilty to or are convicted of their first DWI offense. The trial court here shortened the period of revocation of Gernes' driver's license from one year for refusal, Minn.Stat. § 169.123, subd. 4 (1986), to 30 days. It reasoned that had Gernes been charged with and pled guilty to DWI at the first available opportunity, he would have been subjected to a driver's license revocation for only 30 days as a first-time DWI offender. Because Gernes was not given the opportunity to address the DWI charge, the trial court determined he was entitled to the benefit of the Commissioner's procedure for a first-time DWI offender.

The implied consent law authorizes the court, after a hearing on a driver's petition for judicial review, either to sustain or to rescind the revocation. Minn.Stat. § 169.123, subd. 6; *see Godderz v. Com-*

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

*missioner of Public Safety,* 369 N.W.2d 606, 608 (Minn.Ct.App.1985). The trial court was without authority to reduce the period of revocation. Further, Gernes was not convicted of a first-time DWI offense, which would have brought him within the purview of the Commissioner's policy. Conviction of possession of a controlled substance pursuant to Minn.Stat. § 152.09 (1986) does not affect Gernes' driving record or his implied consent revocation. The trial court improperly reduced the length of Gernes' revocation.

In view of the disposition of this issue, it is unnecessary to address the other issue raised by the Commissioner.

### DECISION

The trial court's order reducing the length of respondent's revocation period is reversed, and the Commissioner's order revoking respondent's driver's license for one year is reinstated.

REVERSED.