**George V. SUTHERLIN, Jr.,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C2–89–1162.**

Court of Appeals of Minnesota.

Jan. 2, 1990.

William R. Kennedy, Hennepin County Public Defender and Warren R. Sagstuen, Asst. Public Defender, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen. and Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by FOLEY,

---

P.J., and KALITOWSKI and STONE,* JJ., without oral argument.

## OPINION

### BRUCE C. STONE, Judge.

Respondent's driver's license was revoked for refusing testing under the implied consent law. Respondent petitioned for judicial review of his revocation. In the related criminal proceeding, he pleaded guilty to an amended charge of careless driving. The trial court in the implied consent proceeding ordered that respondent's license be suspended for no more than 30 days. The Commissioner of Public Safety appeals.

## FACTS

Respondent was arrested for driving while under the influence in violation of Minn.Stat. § 169.121, subd. 1 on March 18, 1989. The officer read him the implied consent advisory and he agreed to take a breath test. He did not provide an adequate breath sample despite a number of attempts, and his driver's license was revoked for one year for refusing testing.

Respondent petitioned for judicial review on April 14, 1989, contending he was physically unable to provide a breath sample. After a hearing, the trial court first found respondent refused testing. It went on to find that on May 12, 1989, respondent, who had no prior convictions for alcohol-related traffic offenses or moving violations, pleaded guilty to the amended charge of careless driving, amended from the original charge of DWI. The Commissioner conceded that if respondent had entered a plea to DWI rather than to careless driving, the Commissioner would have revoked his license for only 30 days, pursuant to Minn.Stat. § 169.121, subd. 4 and administrative policy. The court concluded that the policy should apply to a first-time offender who pleads guilty to an amended charge, as well as to the DWI charge. It ordered respondent's license revoked for no more than 30 days.

* Acting as judge of the court of appeals by ap-

The Commissioner of Public Safety appeals.

## ISSUE

Did the trial court properly order that respondent's driver's license revocation of one year for refusing testing be modified to, at most, a 30–day suspension based on respondent's plea of guilty to an amended charge of careless driving?

## ANALYSIS

Any person who drives a motor vehicle consents, subject to the statutory provisions, to take a test to determine the presence of alcohol. Minn.Stat. § 169.123, subd. 2(a) (1988). If the driver refuses, the driver's license will be revoked for one year. *Id.*, subd. 4. Respondent's driver's license was revoked under this provision.

Drivers who are convicted of the criminal offense of violation of Minn.Stat. § 169.121, subd. 1 are subject to driver's license revocation by the Commissioner of Public Safety under the provisions of section 169.121, subd. 4. For a first offense, the Commissioner is directed to revoke the driver's license for not less than 30 days. *Id.*, subd. 4(a). For a second offense in less than five years, the revocation is for not less than 90 days. *Id.*, subd. 4(b). Additional offenses result in longer periods of revocation. *Id.*, subd. 4(c), (d). The statute also provides that any person whose license has been revoked pursuant to Minn.Stat. § 169.123, the implied consent law, as a result of the same incident, is not subject to the mandatory revocation provisions of clause (a), first offense, or (b), second offense within five years. Minn.Stat. § 169.121, subd. 4.

The Commissioner has a policy for drivers who plead guilty to or are convicted of their first DWI offense of revoking their licenses for only 30 days. *Gernes v. Commissioner of Public Safety*, 431 N.W.2d 267, 268 (Minn.Ct.App.1988). Otherwise, the person's license would be revoked pursuant to the implied consent law for 90 days for failing the test or one year for

pointment pursuant to Minn. Const. art. VI, § 2.

refusing the test, whichever applies. Minn. Stat. § 169.123, subd. 4. Had Sutherlin pleaded guilty to DWI, he would have been eligible for the 30–day revocation period pursuant to this policy. Sutherlin's plea of guilty to careless driving did not qualify him for application of the Commissioner's policy.

The trial court reasoned that when the defendant enters a plea to an amended charge under an original charge of DWI, and it is the driver's first offense, the legislative intent is to reduce the license revocation to 30 days unless there are extenuating circumstances. The trial court considered it unfair to treat differently the class of people who are charged with a first offense of DWI and who are convicted of DWI and those who are charged with a first offense of DWI and who are convicted of careless driving. The court considered the amended charge of careless driving factually identical to the original DWI charge for purposes of length of driver's license revocation. The court also referred to the factual confusion which arises when the defendant must deal with the municipal prosecutor on the criminal charge and the Commissioner on the civil driver's license revocation.

There are real differences between conviction of careless driving and conviction of DWI. *See State v. Favre*, 428 N.W.2d 828, 831 (Minn.Ct.App.1988). A person who is convicted of a second violation of Minn. Stat. § 169.121 within five years of the previous conviction is guilty of a gross misdemeanor. *Id.* subd. 3(a). Even if a person is originally charged with a violation of Minn.Stat. § 169.121, if the charge is amended so there is a guilty plea to careless driving, Minn.Stat. § 169.13, subd. 2, conviction of that careless driving charge cannot be the basis for a subsequent DWI gross misdemeanor charge. Also, a first conviction of Minn.Stat. § 169.121 leads to a revocation for 30 days under Minn.Stat. § 169.121, subd. 4, unless there is an implied consent revocation that preempts it. There is no similar statutory provision providing for revocation upon a first conviction of careless driving.

The prosecuting attorney and the court did not extinguish the right of the Commissioner to revoke Sutherlin's license for one year by changing the charge from DWI to careless driving. *See State, Department of Public Safety v. House*, 291 Minn. 424, 425–26, 192 N.W.2d 93, 94–95 (1971). The court was not authorized to order the Commissioner to revoke a license for 30 days when Sutherlin pleaded guilty to careless driving. *Gernes*, 431 N.W.2d at 268–69.

In summary, refusal to take the test leads to one-year revocation under the implied consent law. However, if there is a plea of guilty to a first-time DWI offense, the Commissioner's policy provides for a 30–day revocation. Neither the legislature nor the Commissioner have made any provision for a similar reduction when the charge is DWI and the plea is to an amended charge of careless driving.

While asking for affirmance on the doctrine of due process and fundamental fairness, Sutherlin's brief recognizes with commendable candor "that the law has not extended itself to date to embrace the trial court's position." We concur. If there are any resulting inequities, they cannot be resolved by this court; rather, that is a matter to be addressed by the legislature and by the various law enforcement departments of the executive branch of government. Such consideration may well be overdue.

### DECISION

The order of the trial court is reversed, and the driver's license revocation for one year, for refusal to take the test, is reinstated.

Reversed.