2307

SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant v. Robert Lee SANFORD, Jr., Respondent. In re Robert Lee SANFORD, Jr., Plaintiff v. M.C. CARSON and Carl Anderson , Defendants.

(455 S.E. (2d) 710)

Court of Appeals

*William L. Todd,* of *S.C. Dept. of Highways and Public Transp.,* Columbia, *for appellant.*

*Robert Lee Sanford, Jr.,* Anderson, *pro se.*

Submitted Feb. 7, 1995.

Decided Feb. 27, 1995; Reh. Den. Apr. 4, 1995.

GOOLSBY, Judge:

The South Carolina Department of Highways and Public Transportation appeals a circuit court order reversing the conviction of Robert Lee Sanford, Jr., for driving under suspension (DUS). The issue in this case is whether the dismissal of a driving under the influence (DUI) charge affects a DUS conviction where the suspension resulted from the driver's refusal to take a test prescribed by the implied consent law. We reverse.[1]

An officer arrested Sanford for DUI. He refused to take a breathalyzer test. This resulted in his license being suspended for 90 days pursuant to the implied consent law, S.C. Code Ann. § 56-5-2950 (1991). A state trooper charged Sanford with DUS while Sanford's license was under suspension. He was convicted of DUS in the magistrate's court and appealed his conviction to the circuit court.

While Sanford's appeal was pending, the circuit court dismissed the DUI charge. The circuit court then issued its order holding section 56-5-2950(h)[2] required reversal of Sanford's DUS conviction because the statute "provides that any person whose driver's license is suspended for failure to take the [breathalyzer] test[ ] . . . and who is not convicted of DUI will not have a record of the suspension of his driver's license."

In interpreting a statute, the court must apply the language of the statute according to its literal meaning when it, like the language here, is clear and unambiguous. *Anders v. S.C. Parole and Community Corrections Bd.*, 279 S.C. 206, 305 S.E. (2d) 229 (1983). No language used in section 56-5-2950(h) either voids a suspension for violation of the implied consent statute or invalidates a conviction of DUS where the underlying suspension resulted from a refusal to take a test prescribed by section 56-5-2950(a). Rather, the statute states only that "no record of the suspension may be

---

[1]Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

[2]S.C. Code Ann. § 56-5-2950(h) (1991) provides in pertinent part:

Any person whose driver's license . . . is suspended for failure to take the tests required by this section 'and who is not convicted of operating a motor vehicle under the influence of alcohol . . . is not required to file p[roof of insurance under the Financial Responsibility Act, and no record of the suspension may be shown on any of his records.

shown on [the person's] records" if the person refused to take the breathalyzer test but was not convicted of DUI. S.C. Code Ann. § 56-5-2950(h) (1991).

Aside from the question of whether a record of conviction of DUS is "a record of suspension" within the meaning of section 56-5-2950(h) and of the Financial Responsibility Act, S.C. Code Ann. § 56-9-410 *et seq.* (1991), the legislature has declared that those who choose to drive in this state impliedly consent to the tests authorized by section 56-5-2950(a) and that a person's refusal to take a test shall result in a suspension of the person's driving privilege for 90 days. Because Sanford's suspension resulted solely from his failure to submit to a breathalyzer test, the subsequent dismissal of his DUI charge had no effect on the DUS conviction itself. *See* 1970-71 Op. Att'y Gen. No. 3173, 142 (a suspension for refusing to submit to a breath test is mandatory and is not dependent upon the outcome of the criminal prosecution). The suspension of his driver's license depended not at all on his being convicted of DUI.

The circuit court, therefore, erred in reversing Sanford's DUS conviction. Although no record of Sanford's suspension for refusing to take a breathalyzer test may be shown on any of his records because of the dismissal of the DUI charges, Sanford's conviction for driving during the suspension period must stand. To hold otherwise would undermine the implied consent law.

Other states that have addressed the effect of an acquittal of criminal charges on suspension of a driver's license for refusal to submit to an implied consent test have rejected the idea that an acquittal would end or stay the suspension. *McDonnell v. Dep't of Motor Vehicles*, 45 Cal. App. (3d) 653, 119 Cal. Rptr. 804 (1975); *Carroll v. Iowa Dep't of Pub. Safety, Driver's License Div.*, 231 N.W. (2d) 19 (Iowa 1975); *State Dep't of Highways v. Styrbicki*, 284 Minn. 18, 169 N.W. (2d) 225 (1969); *State v. Byerly*, 522 S.W. (2d) 18 (Mo. Ct. App. 1975); *Smestad v. Ellingson*, 191 N.W. (2d) 799 (N.D. 1971); *Prucha v. Dep't of Motor Vehicles*, 172 Neb. 415, 110 N.W. (2d) 75 (1961); *State v. Kenderski*, 99 N.J. Super. 224, 239 A. (2d) 249 (1968); *Combes v. Kelly*, 2 Misc. (2d) 491, 152 N.Y.S. (2d) 934 (1956); *Wiethe v. Curry*, 325 N.E. (2d) 561 (Ohio Ct. App. 1975), *appeal dismissed by* 423 U.S. 941, 96 S.Ct. 350, 46 L.Ed.

(2d) 274 (1975), *and reh'g denied,* 423 U.S. 1081, 96 S.Ct. 869, 47 L.Ed. (2d) 91 (1976); *Commonwealth v. Williams,* 19 Pa. Cmwlth. 363, 338 A. (2d) 742 (1975); *State v. Muzzy,* 124 Vt. 222, 202 A. (2d) 267 (1964); *Fritts v. Dep't of Motor Vehicles,* 6 Wash. App. 233, 492 P. (2d) 558 (1971).

Reversed.

SHAW, J., and HOWARD, Acting Judge, concur.