**STATE of Minnesota, Respondent,**

v.

**James LeRoy PERSONS, Jr., Appellant.**

**No. CX–94–1473.**

Court of Appeals of Minnesota.

March 14, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael C. Rajkowski, Rajkowski Hansmeier Ltd., St. Cloud, for respondent.

Gregory K. Larson, Little Falls, for appellant.

Considered and decided by HUSPENI, P.J., KLAPHAKE and FOLEY *, JJ.

## OPINION

DANIEL F. FOLEY, Judge.

This appeal is from a misdemeanor conviction for violating a harassment restraining order. *See* Minn.Stat. § 609.748, subd. 6 (1992). We reverse.

## FACTS

Appellant James LeRoy Persons was charged with violating a harassment restraining order on December 5, 1993, when he was arrested in a St. Cloud restaurant. A harassment restraining order had been issued on April 12, 1993, protecting Edward and Jo Gisler, and their teenage son Michael, from any contact with Persons. Michael Gisler was in the same restaurant as Persons on December 5, and had gone with Persons and others to the Twin Cities earlier in the day to play splatball.

Michael Gisler, who was a friend of Persons' son, testified that it was his idea to go on the splatball trip. He testified that Persons had not asked him to go and, as far as he knew, Persons had not gotten anyone else to ask him to go. Persons testified at trial, admitting that he saw Michael Gisler that day. He denied contacting Gisler about playing splatball, or having anyone else contact him. Persons denied harassing or threatening Gisler that day. Persons testified that he did not believe the splatball trip violated the restraining order because he did not initiate the contact.

Jo and Michael Gisler lived in St. Joseph and they requested the restraining order in that city. The prosecutor for the City of St. Joseph prosecuted Persons for the misdemeanor violation, although Persons argued that the City of St. Cloud was the proper prosecuting authority. The trial court denied Persons' midtrial motion to dismiss the complaint on that ground.

## ISSUE

Did the trial court err in refusing to dismiss the complaint?

## ANALYSIS

■ Persons argues that the conviction must be reversed because the prosecution was not brought by the prosecutor for the jurisdiction in which the offense occurred, which was St. Cloud. We agree.

■ The statute defining the criminal offense of violating a harassment restraining order provides:

> The court also shall refer the violation of the order to the appropriate prosecuting authority for possible prosecution under paragraph (a).

Minn.Stat. § 609.748, subd. 6(d) (1992). The legislature has provided that misdemeanor violations of state law "must be prosecuted by the attorney of the statutory or home rule charter city where the violation is alleged to have occurred." Minn.Stat. § 487.25, subd. 10 (1992). The violation charged against Persons occurred in St. Cloud, not in St. Joseph.

The trial court concluded that Minn.Stat. § 487.25, subd. 10 merely delineates the responsibilities of city and county attorneys. But Minn.R.Crim.P. 2.02 requires that the complaint be signed by the prosecutor with authority to prosecute in the jurisdiction where the charged offense occurred. The rule states:

> A complaint shall not be filed or process issued thereon without the written approval, endorsed on the complaint, of the prose-

art. VI, § 2.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

cuting attorney authorized to prosecute the offense charged, unless [a judge certifies the complaint should not be delayed and the prosecutor is unavailable].

Minn.R.Crim.P. 2.02.

 A prosecutor may not legally act beyond the authority conferred by the legislature on his or her office. *State v. House,* 291 Minn. 424, 425–26, 192 N.W.2d 93, 95 (1971). The prosecution here was initiated by the wrong prosecuting authority. Because the prosecutor for St. Joseph lacked authority to prosecute, the attempt to prosecute Persons became a nullity. Because the wrong prosecuting authority signed the complaint, we conclude that there is a violation of statutory authority which a defendant cannot waive.

Persons also argues that, because the specific conduct he was charged with was not listed in the "Notice" section of the restraining order, the conviction must be reversed. Although we reverse on other grounds, we note that the "Notice" section prohibited only "uninvited visits," "harassing phone calls" and other conduct initiated by Persons. In this case, the evidence establishes that Michael Gisler initiated the contact with Persons. Although another part of the order provided for "no contact" with the Gislers, the order itself was binding only on Persons, and it is questionable whether the "no contact" provision is enforceable against him for contact he did not initiate.

## DECISION

The district court erred in refusing to dismiss the complaint because it was prosecuted by the wrong prosecuting authority.

**Reversed.**